IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELENA DUPONT WRIGHT, JAMES MILLS, JOSEPH WRIGHT, and T. KIMBERLY WILLIAMS,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>ELTON CORPORATION, GREGORY FIELDS, FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC, and M.C. DUPONT CLARK EMPLOYEES PENSION TRUST,<br><br>Defendants/Counter-claimants/Third-party Plaintiffs,<br><br>vs.<br><br>JAMES B. WYETH, Solely as Executor and Personal Representative of the Estate of Phyllis M. Wyeth, MARY MILLS ABEL SMITH, CHRISTOPHER T. DUPONT, and MICHAEL DUPONT,<br><br>Third-party defendants. | C.A. NO. 17-286-JFB<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants' motion for entry of judgment, or in the alternative, motion to sever the claim of whether the trust is covered by ERISA, filed by Elton Corporation, Gregory Fields, First Republic Trust Company of Delaware LLC D.I. 133; request for certification of direct appeal motion of third-party defendants for certification of interlocutory appeal and joinder in the defendants' motion to certify judgment pursuant to Fed. R. Civ. P. 54(b), filed by Katharine D. Gahagan, Mary Mills

1

Abel Smith, James B. Wyeth, Christopher T duPont, Michael duPont, D.I. 134; motion for summary judgment filed by defendants, filed by First Republic Trust Company of Delaware LLC, M.C. DuPont Clark Employees' Pension Trust D.I. 142; and motion for judgment on the pleadings as to the third-party complaint, D.I. 161, filed by Katharine D. Gahagan, Mary Mills Abel Smith, James B. Wyeth, Christopher T. duPont, Michael duPont. This action is brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). This is an action for declaratory and injunctive relief involving an employee benefit trust, allegedly governed by ERISA.

**BACKGROUND**

The Court entered a Memorandum and Order (the "M&O"). On June 3, 2019 granting summary judgment in favor of Plaintiffs and denying summary judgment in favor of Defendants and Third-Party Defendants. The M&O resulted in the Court declaring that the Mary Chichester duPont Trust was governed by ERISA. D.I. 132. The Court iterated the facts in that M&O and incorporates them herein by reference. D.I. 132 at 1-7.

**LAW**

**A. Interlocutory Appeal**

"As the Supreme Court has explained, the decision to certify a final decision for appeal under Rule 54(b) requires the district court to make two findings: (1) that there has been a final judgment on the merits with respect to the claim at issue; and (2) that there is no just reason for delay." *British Telecommunications PLC v. IAC/Interactivecorp*, 2019 WL 1765225 *2 (D. Del. April, 22, 2019) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980)). A question to be determined is if the appeal is allowed whether the "appellate court would have to decide the same issues more than once if there were

subsequent appeals" on the other issues/claims in the case. *In re Unisys Corp. Retiree Medical Benefits Litigation*, 189 F.R.D. 149, 152 (E.D. Pa. 1999) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

Rule 54(b) states "when more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). In essence, "Rule 54(b) permits the district court to separate out final decisions from non-final decisions in multiple party and/or multiple claim litigation in order to allow immediate appeal." *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 162 (3d Cir. 2005).

The Third Circuit has listed some factors that a district court should consider in connection with a request to certify a judgment under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Pet Gifts USA, LLC v. Imagine this Co.*, No. 3:14-cv-3884 (PGS), 2018 WL 3849903, at *1-2 (D.N.J. Aug. 13, 2018) (citing *Berckeley Inv. Grp., Ltd., v. Colkitt*, 455 F.3d 195, 203 (3rd Cir. 2006) (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975))). The Court must look at "the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs

of the litigants [and the Court] for an early and separate judgment as to some claims or parties." *British Telecommunications, British Telecommunications*, 2019 WL 1765225 at *2 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F2d 962, 965 (9th Cir. 1981) (Kennedy, J.).

Interlocutory appeals of District Court orders are governed by 28 U.S.C. §1292. Section 1292(b) is the relevant code section and it provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall order.

Rule 5 of the Federal Rules of Appellate Procedure allows for Appeal by Permission and certification of an order for interlocutory appeal. Rule 5(a) states: "If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5.

A Delaware District Court has stated that: "A non-final order may be certified for interlocutory appeal if the district court determines that the order (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate

termination of the litigation." *Garza v. Citigroup, Inc.*, No. CV 15-537-SLR, 2016 WL 50327, at *1 (D. Del. Jan. 4, 2016). An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is "serious to the conduct of the litigation either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). Similarly, "A 'controlling' issue of law is one whose 'resolution ... could have an immediate impact on the course of the litigation.'" *Improved Search LLC v. AOL Inc.*, No. CV 15-262- SLR, 2016 WL 2642215, at *2 (D. Del. May 6, 2016) (quoting *Fujitsu Ltd. v. Tellabs, Inc.*, 539 Fed.Appx. 1005, 1007 (Fed. Cir. 2013)).

However, the Third Circuit generally only grants these motions in "infrequent" and "harsh" cases. *Elliot v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012). The Court applies a two step analysis in determining whether to allow the interlocutory appeal (1) a determination of whether the claim to be appealed is final; and if so, (2) whether there is any "just reason for delay," taking into account "judicial administrative interests as well as the equities involved." *Elliot*, 682 F.3d at 220 (citations omitted). A district court "must go on to determine whether there is any just reason for delay," is not a formalistic requirement – it is highly substantive. *See id.* at 220-21.

"The classic definition of a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Eisai Inc. v. Zurich Am. Ins. Co.*, No. 12-7208 (ES), 2015 WL 113372, at *4 (D.N.J. Jan. 8, 2015) (citing *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir.2006) (citation omitted).

### B. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 475, 574 n. 10 (1986). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). A factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podobnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations

or suspicions to show the existence of a genuine issue") (internal quotation marks and citations omitted).

### C. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). Accordingly, "the complaint must contain sufficient factual matter, which if accepted as true, states a facially plausible claim for relief." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 147 (3d Cir. 2013) (internal citation omitted). This standard applies "whether a defendant admits or denies an allegation of the Complaint." *Barnard v. Lackawanna Cty.*, 696 F. App'x 59, 61 (3d Cir. 2017).

**DISCUSSION**

1. *Certification, DI.'s 133 and 134*

The arguments in these two motions are similar in nature and will be dealt with together. The moving parties want the Court to certify this case for interlocutory appeal on the issue of the existence of a trust. In the alternative these parties want the Court to sever the claim of whether the trust is governed by ERISA or enter final judgment so as to make the issue immediately appealable.

The moving parties contend that this is a discrete, legal issue; they argue that no matter what, this issue will need to be determined by the Circuit; they contend that the issue if permitted to be challenged on interlocutory appeal will not need to be addressed

twice by the Circuit; and they argue that no claim will remain in the case that would result in any type of set-off of the declaratory judgment entered in the Memorandum and Opinion. The moving parties also contend that this a controlling question of law; there exists substantial grounds for a difference of opinion; and an appeal will materially advance the termination of the litigation.

The nonmoving parties disagree arguing that moving parties have failed to meet their burden of showing this is an exceptional case entitled to an interlocutory or final order of appeal. *See EMSI Acquisition, Inc. v. RSUI Indemnity Co.*, No. 16-1046-LPS, 2018 WL 2316633, at *1 (D. Del. May 22, 2018) (certification denied). The non-moving parties contend that resolution of a threshold questions is not a final judgment under Fed. R. Civ. P. 54(b). It is clear, they argue, that both sides agree that there are numerous further motions to be filed, and there will be discovery regarding additional issues, particularly as these issues relate to the equitable relief claimed by plaintiffs. In addition, argue plaintiffs, the facts litigated regarding the existence of a trust will be intertwined with the remaining issues. Further, plaintiffs contend that there is no basis to grant an interlocutory appeal under § 1292(b) as an alternative to certification under 54(b), as no exceptional circumstances have been shown, and no controlling question of law has been raised.

The Court has carefully reviewed the motion, briefs and argument, as well as the relevant case law. The Court will deny all requests for interlocutory appeals, entry of final judgment or severance. The Court already determined that the existence of the trust seems very clear. Further, it is likewise clear that the plaintiffs have additional claims that are intertwined with the legal issue decided by the Court. Plaintiff is entitled to have those

issues determined in due course through the discovery process, motion practice and a determination by the finder of fact. In addition, the moving parties have failed to meet their burdens of showing this is an exceptional case that should be decided immediately by the Third Circuit. Further, the Court finds the moving parties did not meet their burden in showing why this constitutes just delay. The delay in the proceedings could be significant. This case is already nearly three years old. The Court likewise finds there are no substantial grounds for a difference of opinion among other courts. This does not seem to be an issue that is likely to come up often. Finally, if this goes to the Third Circuit and the court agrees with this Court's determination on the trust issue, the Third Circuit would likely have to hear and decide this case more than once, since multiple remining issues will need to be determined. Accordingly, for these reasons, the Court will deny moving parties' motions for an interlocutory appeal or severance. D.I.s 133 and 134.

2. *Motion for Summary Judgment on Counterclaims and Third-Party Complaint, filed by First Republic Trust Company of Delaware LLC, M.C. DuPont Clark Employees' Pension Trust, D.I. 142*

The movants move this Court for the entry of summary judgment in their favor and against Plaintiffs/Counterclaim Defendants Helena duPont Wright and James P. Mill, Jr. and Third-Party Defendants Mary Mills Abel Smith, Christopher T. duPont, Michael duPont, Katharine D. Gahagan, and the Estate of Phyllis M. Wyeth (as successor to Phyllis M. Wyeth). Movants filed protective counterclaims against Plaintiffs Helena duPont Wright and James P. Mills, Jr. on July 21, 2017. D.I. 61. Movants also filed a Third-Party Complaint against Mary Mills Abel Smith, Christopher T. duPont, Michael duPont, Katharine D. Gahagan and Phyllis M. Wyeth (substituted as a third party

defendant by her Estate). *Id.* The Counterclaim and the third-party complaint ask this court to declare that Helena duPont Wright, James P. Mills, Jr., Mary Mills Abel Smith, Christopher T. duPont, Michael duPont, Katharine D. Gahagan and Phyllis M. Wyeth (and her estate as her successor in interest) are "employers" under ERISA, thus having all the duties to fund the Plan. Plaintiffs contend that these counterclaim defendants are without any doubt the employers for the Plan. The motion seeks a summary judgment declaring that each third-party defendant is "liable to the Plan for contributions as employers under ERISA in such manner and amount as is mandated and/or required under ERISA" and "are required to comply with all obligations and requirements of employers under ERISA." *Id.* at 5. D.I. 142 at 5.

Defendants contend that there are material facts about who should be deemed the "employer" for purposes of ERISA liability, particularly as to defendants Wright and Mills. There is no evidence, argue defendants, that they ever had anything to do with involvement in the trust.

With regard to Mrs. Wright, plaintiffs argue that the evidence and statements to date are inconsistent. Mrs. Wright has both promoted the concept of qualified employers under the Trust, and she is now arguing an inconsistent opinion.

The parties speculate on what the Court intended regarding who was an employer. Likewise, plaintiff Mills contends that the Court must determine if the ERISA plan is one plan provided jointly with multiple employers, or if an individual employer – such as Mr. Mills provided a pension plan under ERISA solely for his employees without responsibility to the descendants. The Court, argues Mills, must establish factual findings for this issue. *See e.g., Gruber v. Hubbard Bert Karle Weber, Inc.*, 159 F.3d 780, 786-88 (3rd Cir. 1998).

10

These are material facts that must be established prior to any summary judgment, contends Mills. Plaintiffs contend that the record shows that the descendant employers did not have control over the plan, and only the defendants had such control. *See Solis v. Koresko*, 884 F. Supp.2d 261, 275 (E.D. Penn. 2012).

The Court agrees that the motion is premature. At this point in the case there are material issues of fact in dispute. The Court agrees that there is at this time a genuine issue of material fact regarding who are the employers. The parties shall continue to conduct discovery on the issues of who are the employers; the type of ERISA plan at issue in this case; any additional funding history; and so forth. Upon completion of the same, they can file appropriate summary judgment motions.

> 3. *Motion for Judgment on the Pleadings as To Third-Party Complaint - filed by Katharine D. Gahagan, Mary Mills Abel Smith, James B. Wyeth, Christopher T duPont, Michael duPont,* D.I. 161

Third-party defendants ask for judgment on the third-party complaint because (1) ERISA does not permit the remedy sought by the Trustee in this third-party complaint; and (2) ERISA exempts the Trust from funding any obligations. The third-party defendants state that "[t]his is so because at no time after the enactment of ERISA in 1974 has the Trust provided for employer contributions, thus exempting it from the statute's funding requirements pursuant to 29 U.S.C. § 1081(a)(5)." D.I. 161 at 2.

Primarily, the third-party defendants make essentially the same arguments that they made in the motion and responses above in D.I. 142. At this point in the case, the plaintiff has stated enough factual matter, if taken as true, to make a plausible claim for

relief. For all the same reasons as discussed herein, the Court will deny this motion until after discovery has concluded.

**THEREFORE, IT IS ORDRED THAT:**

1. The MOTION for Entry of Judgment under Rule 54(b) or, in the Alternative, MOTION to Sever Claim of Whether the Trust is Governed by ERISA and Enter Final Judgment, D.I. 133, is denied;

2. The request for Certification of Direct Appeal to the U.S. Court of Appeals of Interlocutory Appeal and Joinder in the Defendants' Motion to Certify Judgment or, in the Alternative, Sever Claim and Enter Final Judgment, D.I. 134, is denied;

3. The MOTION for Summary Judgment on Counterclaims and Third-Party Complaint, D.I. 142, is denied;

4. MOTION for Judgment on the Pleadings as To Third-Party Complaint, D.I. 161, is denied; and

5. REQUEST for Oral Argument, D.I. 158, by Katharine D. Gahagan, Mary Mills Abel Smith, James B. Wyeth, Christopher T. duPont, Michael duPont regarding D.I. 142 MOTION for Summary Judgment on Counterclaims and Third-Party Complaint is denied at this time.

DATED this 27th day of December 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge