# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELENA DUPONT WRIGHT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| ELTON CORPORATION, et al., ) | |
| ) | C.A. No. 17-286-JFB-SRF |
| Defendants, ) | |
| ) | |
| v. ) | |
| MARY MILLS ABEL-SMITH, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington this **1st** day of **July, 2020**, the court having considered (1) defendant and third-party plaintiff First Republic Trust Company of Delaware, LLC's ("First Republic") motion to appoint a successor trustee for the Mary Chichester duPont Irrevocable Trust dated September 11, 1947 ("the trust") (D.I. 184); (2) the answering briefs in opposition to First Republic's motion by plaintiffs Joseph Wright and T. Kimberley Williams (collectively, "plaintiffs") and by third-party defendants Katharine duPont Gahagan, Mary Mills Abel Smith, and Christopher T. duPont (collectively, "third-party defendants") (D.I. 185; D.I. 187[1]); and (3) First Republic's replies to the opposition filings (D.I. 188; D.I. 189); IT IS HEREBY ORDERED THAT First Republic's motion to appoint a successor is DENIED for the reasons set forth below.

---

[1] In their responsive filing, third-party defendants make a motion to compel First Republic to produce documents and to respond to discovery requests. (D.I. 187 at 2) Third-party defendants' motion is not properly before the court. The court directs third-party defendants to the court's procedures for resolving discovery disputes in the undersigned's section of the court's website, in the "Forms" tab, under the heading "Discovery Matters—Motion to Resolve Discovery Disputes."

1. **Background.** On February 4, 2016, Helena duPont Wright and James Mills initiated the present litigation by filing a complaint against Elton Corporation. ("Elton") and Gregory Fields ("Fields") in the District Court for the District of Maryland, seeking equitable relief in the form of a court order compelling Elton and Fields to bring the trust into compliance with the Employee Retirement Income Security Act, 29 U.S.C. § 1000, *et seq*. ("ERISA"). (D.I. 1)

2. On March 18, 2016, plaintiffs Helena DuPont Wright and James Mills filed an amended complaint, which added First Republic[2] and the trust as defendants to the case. (D.I. 8)

3. On December 9, 2019, plaintiffs Helena DuPont Wright and James Mills filed a second amended complaint, which added Joseph Wright and Kimberley D. Williams as plaintiffs in the case. (D.I. 35)

4. On March 3, 2017, the District Court for the District of Maryland transferred the case to this District. (D.I. 45)

5. The case was bifurcated for a determination of the threshold issue of whether or not the trust at issue is an ERISA plan governed by ERISA. (D.I. 132 at 2)

6. On May 31, 2019, this court granted plaintiffs' motion for summary judgment on Count I[3] of the second amended complaint. (*Id.* at 14)  The court held "that the Trust at issue [i]s an ERISA plan and is covered by ERISA."[4]  (*Id.*)

---

[2] First Republic succeeded Elton as trustee in 2015. (D.I. 8 at ¶ 30; D.I. 184 at ¶ 6)
[3] Count I of the second amended complaint sought a declaratory judgment that ERISA governs the trust. (D.I. 35 at ¶¶ 94–99)
[4] On December 27, 2019, the court denied a motion to enter judgment under Rule 54(b) on the ERISA trust issue, a motion to sever the claim, and a request for certification of interlocutory appeal, *inter alia*, finding material issues of fact intertwined with the ERISA trust issue and ruling that discovery should be conducted on all related issues. (D.I. 176 at 7–12)

7. On February 28, 2020, First Republic filed the present motion, arguing that the court should appoint a new trustee because First Republic is incapable[5] of administering an ERISA-governed trust. (D.I. 184 at ¶¶ 7–9; D.I. 188 at ¶¶ 1–2, 6–7)

8. Plaintiffs argue that under *Ream v. Frey*, 107 F.3d 147, 154 (3d Cir. 1997), First Republic may not resign as trustee without naming an appropriate successor. (D.I. 185)

9. Third-party defendants argue the same and highlight the fact that First Republic has not represented that it tried to find a suitable replacement trustee. (D.I. 187)

10. In response, First Republic argues that it filed this motion to comply with the express provisions of the trust and the ERISA requirement that a replacement trustee must be in place before a trustee may resign, as articulated in *Glaziers & Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec., Inc.*, 93 F.3d 1171 (3d Cir. 1996). (D.I. 184 at ¶¶ 12, 15; D.I. 188 at ¶ 3; D.I. 189 at ¶ 4)

11. First Republic also argues that third-party defendants lack standing to object to the present motion. (D.I. 189 at ¶ 3)

12. **Legal standard.** The trustee of an ERISA-governed pension plan can resign "only when adequate provision has been made for the continued prudent management of plan assets." *Glaziers*, 93 F.3d at 1183. ERISA § 404(a) imposes a duty on a resigning trustee to ensure that its obligations as trustee continue to be met upon resignation. *See Sec'y of Labor v. Doyle*, 675 F.3d 187, 202 (3d Cir. 2012) (citing *Glaziers*, 93 F.3d at 1180); *Glaziers*, 93 F.3d at 1183.

---

[5] First Republic claims to have agreed to serve as successor trustee in reliance on Elton's legal opinion that ERISA did not apply to the trust. (D.I. 184 ¶¶ 7–9) First Republic also notes that plaintiffs, in opposing First Republic's motion, seek to force First Republic to remain trustee while simultaneously alleging that First Republic breached fiduciary duties owed to plaintiffs. (D.I. 188 at ¶ 6)

13. "Under traditional trust law, a trustee is permitted to resign in accordance with the terms of the trust, with the consent of the beneficiaries, or with a court's permission." *Ream*, 107 F.2d at 154 (citing *Glaziers*, 93 F.3d at 1183–84; Restatement (Second) of Trusts § 106)). A resigning trustee must "take prudent precautions, such as by providing for a 'suitable and trustworthy replacement,' to ensure that his resignation does not harm the Fund or its beneficiaries." *Doyle*, 675 F.3d at 202 (quoting *Ream*, 107 F.2d at 154).

14. **Analysis.** First Republic's motion for the appointment of a successor trustee is denied because First Republic must provide a "suitable and trustworthy replacement" before it can resign and has failed to do so. *See Doyle*, 675 F.3d at 202.

15. First Republic seeks a court order appointing a successor without suggesting a successor for the court to appoint. Although the trust expressly allows First Republic to resign,[6] neither the trust itself nor any applicable case law suggest that seeking the court's appointment of a successor without naming a suitable replacement is proper.

16. In choosing to rely on the advice of counsel that the trust was not covered by ERISA, First Republic took a risk that, with the benefit of hindsight, they would not have chosen. However, their decision does not form a legal basis for the relief requested, and no authority has been cited for shifting their obligation under the trust to the court.

17. **Conclusion.** For the foregoing reasons, IT IS HEREBY ORDERED THAT First Republic's motion to appoint a successor trustee is DENIED without prejudice. (D.I. 184)

---

[6] First Republic did not attach a copy of the trust to its submission, nor did it cite to a location in the record where the court could find a copy of the trust. The court refers to the trust attached as an exhibit to the briefing submitted previously to Judge Bataillon. In relevant part, the trust states: "Any Trustee named herein shall have the right to resign at any time and shall have the further right to name his or her successor." (D.I. 125-1, Ex. A at ¶ 4)

18.     This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties may serve and file specific written objections within seven (7) days after being served with a copy of this Memorandum Order.  Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to five (5) pages each.

19.     The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE