IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELENA DUPONT WRIGHT, JAMES MILLS, JOSEPH WRIGHT, and T. KIMBERLY WILLIAMS, | |
| Plaintiffs/Counter-Defendants, | |
| vs. | |
| ELTON CORPORATION, GREGORY FIELDS, FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC, and M.C. DUPONT CLARK EMPLOYEES PENSION TRUST, | C.A. NO. 17-286-JFB<br><br>MEMORANDUM AND ORDER |
| Defendants/Counter Claimants/ Third-Party Plaintiffs, | |
| vs. | |
| JAMES B. WYETH, Solely as Executor and Personal Representative of the Estate of Phyllis M. Wyeth, MARY MILLS ABEL SMITH, CHRISTOPHER T. DUPONT, and MICHAEL DUPONT, | |
| Third-Party Defendants. | |

This matter is before the Court on defendant's motion, D.I. 212, for Clarification and, in the Alternative, to Stay Order Determining Trust is Governed by ERISA[1] regarding this Court's Memorandum and Order, D.I. 132.[2]  Defendant, First Republic Trust Company of Delaware (hereinafter First Republic), requests clarification regarding a Memorandum and Order (M&O) issued by this Court determining that the Mary

---

[1] Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.
[2] For a review of the facts and background in this case, see D.I. 132, at 2-7.

1

Chichester duPont Trust is governed by ERISA. D.I. 132 at 14. In particular, First Republic argues that the M&O does not direct the trustee to currently operate and manage the trust. Further, First Republic argues that the Court did not define the Trust as a benefit plan but as a contribution plan. Finally, First Republic contends that the Court has defined this plan as a single ERISA plan.

The defendants and third party defendants requested permission to appeal to the Third Circuit Court of Appeals asking the Court to (i) to enter final judgment on the Court's determination that the Trust was governed by ERISA pursuant to Fed. R. Civ. P. 54(b), (ii) sever the claim, and (iii) certify an interlocutory appeal of the Order. The Court denied each of these requests. D.I. 134, motion, and D.I. 176, Memorandum and Order. Further, First Republic asks now, and previously asked, for a successor trustee and contend they cannot find any trustee to manage this trust. D.I. 212 at ¶ 4 and D.I. 184. First Republic also argues that the Trust does not comply with the numerous IRS rules for trusts under ERISA. D.I. 212, at 3-5.

Plaintiff argues that this motion is meritless and should be denied. Further, plaintiff contends that this Court has already denied defendants' motions asking the court to enter final judgment; sever the claims; and certify an interlocutory appeal. D.I. 176 at 12. The Court also stated, with regard to appointment of a successor trustee, "First Republic's motion for the appointment of a successor trustee is denied because First Republic must provide a 'suitable and trustworthy replacement' before it can resign and has failed to do so." D.I. 200, p. 4 and p. 2, n. 4; and D.I. 176-7-12.

The Court will deny the motion. First Republic is making the same arguments in this motion as discussed in the Court's previous M&O's. Again, it appears that First

Republic is attempting to abdicate any responsibility to operate the trust in compliance with the law. First Republic as basically asking the Court to re-visit its previous rulings in D.I. 132 and D.I. 176 and D.I. 200. The Court was very specific in its findings in these Memorandums and Orders.

The Court has carefully reviewed First Republic's motion and declines to grant the requested relief.

THEREFORE, IT IS ORDERED that First Republic Trust Company of Delaware LLC's motion for clarification and/or to stay, D.I. 212, is denied.

Dated this 27th day of October, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge