IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELENA DUPONT WRIGHT, JAMES MILLS, JOSEPH WRIGHT, and T. KIMBERLY WILLIAMS,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>ELTON CORPORATION, GREGORY FIELDS, FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC, and M.C. DUPONT CLARK EMPLOYEES PENSION TRUST,<br><br>Defendants/Counter Claimants/Third-Party Plaintiffs,<br><br>vs.<br><br>JAMES B. WYETH, Solely as Executor and Personal Representative of the Estate of Phyllis M. Wyeth, MARY MILLS ABEL SMITH, CHRISTOPHER T. DUPONT, and KATHARINE D. GAHAGAN,<br><br>Counterclaim Defendants /Third-Party Defendants. | **C.A. NO. 17-286-JFB**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a motion to dismiss or sever parties and for leave to amend the complaint filed by plaintiff T. Kimberly Williams (D.I. 207). The Court held oral argument on the motion on December 18, 2020. This is an action for declaratory and injunctive relief involving the Mary Chichester duPont Employee Pension Trust ("the Trust) an employee benefit Trust set up by Mary Chichester duPont

1

("the Settlor") in 1947. In an earlier order, the Court determined that the Trust became governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, when ERISA took effect in 1976.

I.   BACKGROUND

The action was originally filed in the District of Maryland by plaintiffs Helena duPont Wright ("duPont Wright") and James Mills (collectively, "the employer plaintiffs") the grandchildren of the settlor who employ domestic employees, against Elton Corp. (a former trustee) and Gregory Fields (administrator) as fiduciaries of the Trust, seeking equitable relief to bring the Trust into compliance as an ERISA plan. (D.I. 1.) The plaintiffs later amended the complaint to add First Republic Trust Company of Delaware (the current trustee) and the Pension Trust as defendants. (D.I. 8, First Amended Complaint).  In response to a motion to dismiss for lack of standing, the plaintiffs later filed a second amended complaint adding two employee plaintiffs, T. Kimberly Williams and Joseph Wright (no relation to duPont Wright). (D.I. 35 (Consent motion), Second Amended Complaint). Williams had been employed by plaintiff Helena duPont Wright as a personal accountant and Joseph Wright had been employed by plaintiff James Mills as a personal assistant. Both employee plaintiffs are participants in the Pension Trust and worked for plaintiffs for over ten years.

In the Second Amended Complaint, the plaintiffs assert a claim for a declaration that the Trust at issue is an ERISA plan (Count I); an ERISA claim for equitable relief on the part of the employer plaintiffs (Count II), an ERISA claim for equitable relief on the part of participant plaintiffs (Count III), an ERISA claim of breach of fiduciary duty and prohibited transactions on the part of all plaintiffs against all defendants (Count IV), and

2

a claim for clarification of their right to future benefits under the plan by the participant plaintiffs (Count V).  The relief the plaintiffs seek is an injunction ordering the defendants to bring the plan into compliance with ERISA.

Defendant First Republic filed counterclaims against the original employer plaintiffs and a third-party complaint against Mary Chichester duPont Clark's other grandchildren—Mary Mills Abel Smith, Christopher T. duPont, Michael duPont, Phyllis M. Wyeth, and Katharine D. Gahagan (hereinafter, together with plaintiffs duPont and Mills, referred to as "the grandchildren").[1]  (D.I. 61, Counterclaims and Third-party Complaint).  First Republic denies that the Trust is an ERISA plan, but states that if it is determined that the Trust is governed by ERISA, it requests a declaratory judgment that the grandchildren "are liable to the Trust as employers under ERISA in such manner and amount as is mandated and/or required under ERISA."  *Id.* at 3-4.  In answer to the counterclaims, employer plaintiffs duPont Wright and Mills denied that they would be required to fund the Trust or contribute funds to the Trust and stated they admitted "only that they seek, in the instant action, declaratory, equitable and other relief under ERISA concerning the operation of the Trust, including declaring that the Trust is an ERISA governed pension plan."  (D.I. 68, Answer at 1).  The Third-party defendants answered the third-party complaint, generally denying the allegations and asserting several affirmative defenses.  (D.I. 78)

The action was transferred to this district in March 2017.  (D.I. 46.).  The case was then bifurcated for purposes of scheduling, and the determination of ERISA

---

[1] Phyllis Wyeth later died and James Wyeth has been substituted as executor and personal representative of her estate.  Michael duPont is also deceased but was dismissed because no motion for substitution was filed within 90 days under Federal Rule of Civil Procedure 25.  (D.I. 198 and 202)

coverage was considered first. The remaining claims were stayed pending the resolution of Claim I. (D.I. 56). This Court granted summary judgment to the plaintiffs on Count I, finding the Pension Trust was an ERISA plan, and lifted the stay on discovery with respect to the other claims. (D.I. 132)

Plaintiff T. Kimberly Williams now seeks leave to file a third amended complaint in which the claims of the other three plaintiffs would be severed from her claim or dismissed. She also seeks leave to add another domestic employee as party plaintiff and proposed class representative. Williams contends that the interests of employer plaintiffs Helen duPont Wright and James Mills have diverged from the interests of employee plaintiffs. Also, she alleges a putative class action and seeks to add a claim for failure to disclose documents which would result in penalties under ERISA § 502(c) against all defendants and an individual claim for retaliation in violation of ERISA § 510 against Helena duPont Wright. She seeks as well to add the estate of a deceased third-party defendant, to drop the Pension Trust as a defendant, and to make technical corrections.

Plaintiffs Helena duPont Wright and James Mills object to any amendment.[2] They contend that realignment would be unjust and would significantly affect their ability to defend themselves, noting conflicts of interest. They also argue that Williams unduly delayed seeking leave to amend without just cause and argue that allowing the case to proceed as a class action will significantly increase the costs of the litigation. Further they argue the amendment would be futile, relying on arguments that go to the merits of

---

[2] They do not object to dismissal of their claims, providing it is with prejudice. That concession is of little consequence, since both parties would remain counterclaim defendants.

4

the case.³  They contend that the addition of a party and claims will necessitate further discover and will prolong the litigation.  The third-party defendants also oppose the motion, joining in the employer plaintiffs' arguments and further challenging the proposed putative class-action allegations as an attempt to circumvent Williams's own misconduct and apparent inappropriateness to serve as a class action representative.

In reply to those arguments, Williams disputes that the additional claims, new party plaintiff and proposed class action status would necessitate new discovery or additional delay.  She points out that ERISA Section 409 authorizes plan-wide relief regardless of whether a class is certified and argues that the proposed fiduciary breach claims involve the same facts, identical discovery, and identical relief regardless of whether the claims proceed as individual or as class claims.  She states that she seeks only the procedural protections afforded by Rule 23 to absent plan participants.  She concedes, however, that the retaliation claim against duPont Wright may require additional discovery but argues it would not be unduly burdensome and would not cause delay.  She also argues the proposed amendments would not prejudice any opposing party, since those parties are already litigating as counterclaim- or third-party defendants.  She contends she has pursued the case diligently despite delays caused by opposing parties' attempts to appeal the case, the Court-ordered stays, the impact of the COVID-19 pandemic, and the filing of the state court action.

II.     LAW

---

³ Generally, these are arguments that the grandchildren are not fiduciaries; that the plan is exempt from ERISA's funding requirements; and that plaintiff Williams lacks standing to prosecute claims against any parties other than duPont Wright because action involves separate Trusts for each employer, rather than a single ERISA plan.

Generally, Rule 15 motions should be granted. *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.,* 839 F.3d 242, 249 (3d Cir. 2016). "The fundamental purpose of Rule 15 is to allow a plaintiff "an opportunity to test his claim on the merits," and although "the grant or denial of an opportunity to amend is within the discretion of the District Court," that discretion is abused if it is exercised without giving the plaintiff sufficient opportunity to make her case." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The Rule provides wide discretion to the district court. *Moore v. Knowles*, 482 F.2d 1069, 1075 (5th Cir. 1973). Rule 21 allows any party to move to drop another party. *Capitol City Bank & Tr. Co. v. McAfee Architects, Inc.*, 2017 WL 7693372, at *4 (N.D. Ga. Mar. 7, 2017). Misjoinder or non-joinder of parties is not ground for dismissal. *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972); *see* Fed. R. Civ. P. 21. "The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right." *Sabolsky*, 457 F.2d at 1249. When parties are dropped or added, leave of court must be sought and obtained as a prerequisite to filing an amended complaint. *Age of Majority Educ. Corp. v. Preller*, 512 F.2d 1241, 1246 (4th Cir. 1975) (*en banc*).

Courts have a duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Dawson v. Columbia Tr. Co.*, 197 U.S. 178, 180, (1905). The parties must be arranged by ascertaining the "principle purpose of the suit" and the "primary and controlling matter in dispute." *Indianapolis v. Chase Nat'l*

6

*Bank*, 314 U.S. 63, 69 (1941). Where there are multiple parties to a lawsuit the Court can realign the parties according to their true interests. *Butcher & Singer, Inc. v. Kellam*, 623 F. Supp. 418, 421 (D. Del. 1985).

III.   DISCUSSION

Though the Court finds the opposing parties' contentions of prejudice and delay to be somewhat overstated, the Court nonetheless finds that the motion for leave to amend should be denied. It is late in the action to allow amendment of pleadings. Denying the motion to amend will not deprive the plaintiffs of an opportunity to make their case.

The Court finds the allegations of a putative class action would not serve any useful purpose because the action can be properly disposed of as it is presently configured. Permitting the action to proceed as a class action would add little to the case since the number of putative plan participants is relatively small and ascertainable and the relief afforded in the action would apply to them in any event. The plaintiff concedes that the remedy imposed in this action would operate to benefit the plan and plan participants even if it continues as an individual proceeding. The beneficiary of any eventual relief will be the plan and its participants, no matter how they are portrayed. The plaintiffs' concerns about the identity and or location of plan participants can be addressed in discovery.[4]

As to the retaliation claim, the conduct underlying the claim relates to the recent filing of a state court action and the claim is directed against only one party. Although some issues may be interrelated, a new claim against one party should not be allowed

---

[4] Indeed, third party defendants and counter defendants were recently ordered to provide supplemental complete responses to an Interrogatory seeking information on eligible plan participants. (D.I. 324)

to derail, delay, or lengthen the rest of the case. Since the conduct is a recent development and there are no statute of limitations concerns, a separate action asserting that claim can be filed independently against that defendant. Also, although the claim for failure to disclose is portrayed as a new claim, the failure to properly disclose the existence and/or specifics of the Trust are part of the alleged breaches of duty outlined in the Second Amended Complaint and can be addressed in the context of an equitable remedy.[5]

As far as realigning the parties, the Court agrees that interests of plaintiffs may be at odds. The Court finds it may make sense to realign the parties. However, since this is a bench trial, it is not necessary to do so formally. The pretrial order will supersede the pleadings and issues and claims can be clarified at that time. The same result can be achieved in the context of the pretrial order and by adjusting the order of proof. The Court will structure the presentation of the case accordingly.

Although the proposed third amended complaint clarifies, restates, and fleshes out the plaintiffs' claims and adds statutory citations, it makes no real substantive changes outside the class action, disclosure, and retaliation allegations. The gravamen of the complaint is, and has always been, equitable relief for breaches of duty in connection with the administration of an ERISA plan, no matter how characterized. Employers, plan sponsors, administrators, and fiduciaries are accountable under ERISA. Any new allegations in the proposed amended complaint relate to the same factual and legal scenario presented in the second amended complaint. The case has

---

[5] At the hearing, the parties discussed that it was unlikely that the Court would impose statutory penalties in any event.

been pending for over three years and the parties are aware of the claims and defenses.  Accordingly,

IT IS ORDERED that plaintiff T. Kimberly Williams's motion to dismiss or sever parties and for leave to amend the complaint (D.I. 207) is denied.

Dated this 31st day of December, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge