# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELENA DUPONT WRIGHT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ELTON CORPORATION, et al., | )   Civil Action No. 17-286-JFB-CJB |
| | ) |
| Defendants, | ) |
| v. | ) |
| | ) |
| MARY MILLS ABEL SMITH, et al., | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM ORDER

The Court, having reviewed Plaintiff T. Kimberly Williams ("Ms. Williams") and Plaintiff and Counter-Defendant Helena duPont Wright's ("Ms. Wright") joint status letter, (D.I. 334), and related filing, (D.I. 335), in which the parties explain that they continue to have a dispute over Ms. Williams' request that, pursuant to Federal Rule of Civil Procedure 33(b), Ms. Wright personally answer Ms. Williams' interrogatories under oath, (*see also* D.I. 304; D.I. 322), hereby ORDERS as follows:

(1) Rule 33 requires that interrogatories be answered under oath by the party to whom they are directed and that they be signed by that person (here, Ms. Wright). Fed. R. Civ. P. 33(b)(1), (b)(3) & (b)(5); *In re Asbestos Prods. Liab. Litig. (No. VI)*, Civil Action No. MDL 875, 2012 WL 5839023, at *8 (E.D. Pa. Nov. 16, 2012). "Deviation from this rule is almost never granted." *Lackey v. SDT Waste & Debris Servs.*, Civil Action No. 11-1087, 2013 WL 5772325, at *10 (E.D. La. Oct. 23, 2013).

(2) Ms. Wright, however, is legally blind and suffers from a form of dementia. Her counsel argues that in light of this, and in light of the fact that Ms. Wright has "difficulties . . . understanding the matters involved in this case, and [a] lack of memory of any factual details regarding the trust at issue [in the case,]" Ms. Wright should not be required to personally respond to these interrogatories pursuant to Rule 33. (D.I. 322 at 1-2) Instead, Ms. Wright's counsel suggests that either: (1) Ms. Wright's daughter Lucy Dunne, who purportedly is Ms. Wright's "attorney in fact[,]" be permitted to verify the

interrogatory answers at issue on Ms. Wright's behalf; or (2) the Court, pursuant to Federal Rule of Civil Procedure 17, should eventually make a determination as to whether Ms. Wright has the capacity to sue or be sued, and (if she does not) should either recognize a valid "representative" or a "next friend" or "guardian ad litem" who could sue and defend the case on Ms. Wright's behalf. (*Id*.)

(3) At least one federal court has ruled that if: (a) a party suffers from a disorder that affects their ability to personally verify interrogatories pursuant to Rule 33; and (b) the court is presented with record evidence indicating that the party has executed a power of attorney (or similar document) that grants another the power to answer such interrogatories on their behalf; then (c) pursuant to Rule 33, the other person may sign and verify the interrogatories at issue on behalf of the party. *Miller v. Holzmann*, 238 F.R.D. 111, 111-12 (D.D.C. 2006). And another federal court has held that: (a) where the court was presented with substantial record evidence at a hearing, which demonstrated that a party was mentally incapable of responding to certain discovery and would be harmed by doing so; and (b) where the party's wife and a related corporate defendant had already responded to similar discovery requests; then (c) a protective order may be issued, stating that the party need not respond to the discovery requests. *See Hometown Folks, LLC v. S & B Wilson, Inc.*, No. 1:06-cv-81, 2007 WL 2227817, at *7-8 (E.D. Tenn. July 31, 2007), *adopted by* 2007 WL 3132609 (E.D. Tenn. Oct. 18, 2007).

(4) The Court is sympathetic to Ms. Wright's apparent circumstances. But it also recognizes that Ms. Wright's ability to respond to discovery requests or to participate in this litigation are disputed issues. And it cannot simply resolve those issues in Ms. Wright's favor without having sufficient record evidence to support such a ruling.

(5) With regard to whether, pursuant to Rule 33, Ms. Dunne should be permitted to verify the interrogatories at issue on Ms. Wright's behalf, the Court has been provided with no evidence (other than attorney argument) to indicate that Ms. Dunne has actually been granted the legal authority to do so. Thus, even were it permissible under Rule 33 for the Court to allow Ms. Dunne to take this step on Ms. Wright's behalf, the Court does not yet have the record needed to order that relief. (D.I. 304 at 3)

(6) Nor is this the kind of case (like the one described above) where it would make sense for the Court to enter a protective order forbidding Ms. Williams from obtaining the discovery at issue from Ms. Wright. This is not a case, for example, where some other closely related party to Ms. Wright has already responded to the interrogatories at issue. Indeed, no such protective order is being sought here by Ms. Wright.

(7) Moreover, the Court suspects that separate and apart from its decision on the interrogatories, a broader ruling might be eventually be needed in this case as to whether Ms. Wright is competent and capable of suing or being sued here (and if not, as to who should represent her interests going forward). Yet Ms. Wright has not made a formal motion in that regard pursuant to Rule 17. Nor has the Court has been provided with more than minimal briefing on that issue. Perhaps most importantly, no hearing on the issue has been held, and the Court has only one piece of record evidence regarding Ms.

Wright's physical or mental condition: a physician's certificate apparently signed by her primary care physician in November 2020. (D.I. 335) Yet that certificate conveys only minimal information. At one point in the document, Ms. Wright's physician does state that Ms. Wright is unable to make decisions regarding "matters that require memory recall or require complex problem solving[.]" (*Id.* at 7) But at other points therein, her physician states that "[d]uring appropriate times and with assistance [Ms. Wright] can decide strategic matters that do not require significant memory recall or complex decision making[,]" "can make strategic decisions" and is capable of signing documents and retaining legal counsel with "assistance." (*Id.* at 6-7) Before making a decision on the Rule 17 issue, the Court would need: (a) more information about Ms. Wright's condition; (b) more information about the types of decisions she might be called upon to make during the remainder of this case; and (c) testimony indicating whether she can or cannot make those kinds of decisions (with or without assistance). (*See* D.I. 322 at 2 (suggesting the same)); *cf. Smith v. Yeager*, 322 F.R.D. 96, 101 (D.D.C. 2017) (declining to issue a protective order pursuant to Rule 26 that would have prohibited the defendant from taking a plaintiff's deposition, in part because although plaintiffs asserted that the deponent at issue suffered from Alzheimer's disease and could not meaningfully participate in the deposition, they had not provided the court with any of the deponent's medical records that might support such assertions); *see also Grand Oaks, Inc. v. Anderson*, 175 F.R.D. 247, 249-50 (N.D. Miss. 1997) (concluding that there was a lack of evidence to support the conclusion that the defendant's cognitive abilities were impaired, such that he need not appear for a trial deposition, where the only evidence before the court was statements from a treating physician that defendant was undergoing a treatment of medications which "'may'" substantially affect his cognitive thought processes).

(8) Therefore, because it does not have a sufficient record to support a decision to the contrary, the Court again GRANTS Ms. Williams' Motion. But it hereby STAYS any deadline for Ms. Wright to respond to the interrogatories. Instead, it ORDERS that by no later than **March 8, 2021**, Ms. Wright's counsel should either: (a) provide the Court with documentation indicating that Ms. Dunne has the appropriate legal authority to answer interrogatories on Ms. Wright's behalf in this case; or (b) state that counsel is in possession of no such documentation. Additionally, the Court ORDERS the parties to further meet and confer as to the need for a briefing schedule and a hearing with regard to a decision on Ms. Wright's competency and capacity to sue or be sued pursuant to Rule 17. By no later than **March 8, 2021**, the parties are ORDERED to submit to the Court a joint status letter, of no more than three single-spaced pages, that either sets out their proposal for such a briefing schedule and a hearing, or explains why they do not believe such a hearing is needed at this time.

(9) Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the document. Any such redacted version shall be submitted by no later than **March 5, 2021** for review by the Court, along with a motion for redaction that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786

(3d Cir. 1994) (internal quotation marks and citation omitted).  The Court will subsequently issue a publicly-available version of its Memorandum Order.

Dated:  March 2, 2021

_Christopher J. Burke_
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE