IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELENA DUPONT WRIGHT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ELTON CORPORATION, et al., | ) Civil Action No. 17-286-JFB-CJB |
| | ) |
| Defendants, | ) |
| v. | ) |
| | ) |
| MARY MILLS ABEL SMITH, et al., | ) |
| | ) |
| Third-Party Defendants. | ) |

# MEMORANDUM ORDER

The Court, having reviewed the "Motion of Third-Party Defendant Helena DuPont Wright Pursuant to Federal Rules of Civil Procedure 17" (the "Motion"), (D.I. 375), and the briefing relating thereto, (D.I. 375; D.I. 380), and having heard argument on May 21, 2021 (the "Motion hearing"), (D.I. 391 (hereinafter, "Tr.")), hereby ORDERS that the Motion is GRANTED for the reasons that follow:

1.  The Court assumes familiarity with and incorporates by reference its March 2, 2021 Memorandum Order (the "March MO") in which it sets out the background facts and procedural history leading up to the instant Motion. (D.I. 368)  The March MO related to a dispute regarding Helena DuPont Wright's ("Ms. Wright")[1] inability to verify responses to certain interrogatories that were propounded in August 2020 by Plaintiff T. Kimberly Williams ("Ms. Williams").  In the March MO, the Court, *inter alia*, ordered the parties to further meet

---

[1]  Ms. Wright was an original Plaintiff in the action, (D.I. 1), but she has since dismissed her claims, (D.I. 374).  In the interim, counterclaims have been filed against Ms. Wright, as to which she is a Third-party Defendant.  (D.I. 61)

and confer as to the need for a briefing schedule and a hearing with regard to a decision on Ms. Wright's competency and her capacity to be sued pursuant to Rule 17. (*Id.* at 3) As a result, the Motion was filed on April 30, 2021. (D.I. 375) Ms. Williams filed a response in opposition on May 14, 2021. (D.I. 380)

2. Ms. Wright contends that as a result of her cognitive decline over the past several years, she is unable to verify interrogatory responses and continue as a party in this action. (D.I. 375 at ¶ 2) Accordingly, she requests that the Court determine that she is legally incompetent and: (1) find that Lucy Dunne ("Ms. Dunne"), Ms. Wright's daughter, is the "real party in interest" and permit Ms. Dunne to defend this action for Ms. Wright pursuant to Federal Rule of Civil Procedure 17(a)(1); (2) permit Ms. Dunne to continue in the case as a "like fiduciary" for Ms. Wright, pursuant to Federal Rule of Civil Procedure 17(c)(1); and/or (3) substitute Ms. Dunne as a party in this action for Ms. Wright pursuant to Federal Rule of Civil Procedure 25(b). (*Id.* at ¶¶ 10-13)

3. The Court need only address Ms. Wright's second and third requests.[2]

---

[2] With respect to Ms. Wright's first request, the Court is not persuaded that Rule 17(a) would apply to these circumstances. (*See* Tr. at 54) The Rule instructs that "[a]n action must be prosecuted in the name of the real party in interest" and sets out a list of parties who "may sue in their own names without joining the person for whose benefit the action is brought[.]" Fed. R. Civ. P. 17(a)(1); *see also, e.g.*, *Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973) ("The meaning and object of the real party in interest principle embodied in Rule 17[a] is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation."). Thus, the plain language of the Rule indicates that it is meant to be applied to those individuals who are *initiating* a lawsuit—not to those who are defendants in such a suit. *See Sloan v. Overton*, No. 08-2571-JAR-DJW, 2010 WL 398108, at *6 n.56 (D. Kan. Jan. 25, 2010) ("Rule 17(a) applies to joinder of a plaintiff who is the 'real party in interest'; it does not apply to joinder of defendants."). This is further underscored when Rule 17(a)'s language is compared to the language of Rule 17(b), which is about how to determine one's capacity "to sue *or be sued*" (and, by using such language, clearly indicates that it impacts both plaintiffs and defendants). Fed. R. Civ. P. 17(b) (emphasis added). Moreover, the purpose of Rule 17(a)—to "protect the defendant from duplicative suits"—"suggests that the rule is not concerned with whether a

4.	With respect to Ms. Wright's second request, Rule 17(c) sets out the types of representatives who "may sue or defend on behalf of . . . an incompetent person[,]" including "a like fiduciary." Fed. R. Civ. P. 17(c)(1). On May 20, 2020, Ms. Wright appointed Ms. Dunne as her agent pursuant to a valid Maryland Statutory Form Personal Financial Power of Attorney ("Statutory Form"); pursuant to the Statutory Form, Ms. Dunne is, *inter alia*, granted the power to defend and settle a lawsuit on Ms. Wright's behalf. (D.I. 376, ex. I)[3] And pursuant to Maryland law, the execution of a power of attorney is one way to create a fiduciary relationship. *See, e.g.*, *McElwee v. Williams*, No. 1194, 2020 WL 6748799, at *3 (Md. Ct. Spec. App. Nov. 17, 2020). It therefore is undisputed that Ms. Dunne, in light of the executed Statutory Form, would qualify as a "like fiduciary" under Rule 17(c)(1). (D.I. 375 at ¶ 12; Tr. at 56-57)

5.	What is in dispute with respect to Rule 17(c) is whether Ms. Wright is "an incompetent person" for purposes of the Rule. (D.I. 380 at ¶¶ 11-16; Tr. at 56-57) Rule 17(c) does not provide a standard for a court's determination of incompetency. *Richards v. Duke Univ.*, 166 F. App'x 595, 598 (3d Cir. 2006); *Lopez v. CSX Transp., Inc.*, Case No. 3:14-cv-257, 2020 WL 6151582, at *16 (W.D. Pa. Oct. 20, 2020). Rule 17(b), however, provides that the capacity of a party to sue or be sued shall be determined by the law of the party's domicile. Fed. R. Civ. P. 17(b); *see also Richards*, 166 F. App'x at 598. Thus, whether Ms. Wright is incompetent pursuant to Rule 17(c) is determined by applying the law of the State of Maryland,

---

defendant is the real party in interest." *Eaton Corp. v. Westport Ins. Co.*, 332 F.R.D. 585, 587 (E.D. Wis. 2019). Here, the action is already well underway, and Ms. Dunne is attempting to stand in for a party who is a Third-party Defendant and is being sued in the action. Thus, Rule 17(a) would not seem to provide a solution.

[3]	The Statutory Form expressly states that the powers granted to the agent "are broad and sweeping." (D.I. 376, ex. I at 1) It provides that, *inter alia*, the agent may "participate in . . . settle, oppose, or propose or accept a compromise with respect to a claim existing in favor of or against the principal or intervene in litigation relating to the claim[.]" (*Id.* at 3; *see also id.* at 4-5)

3

which is Ms. Wright's domicile. (D.I. 35 at ¶ 22; Tr. at 56); *see also Richards*, 166 F. App'x at 598; *Lopez*, 2020 WL 6151582, at *16. The burden of proof with respect to incompetency rests with the party asserting it (here, Ms. Wright). *See, e.g., Chapman v. Ring's End, Inc.*, No. 3:17-cv-01084 (VAB), 2020 WL 3430350, at *5 (D. Conn. June 23, 2020); *Scannavino v. Fl. Dep't of Corr.*, 242 F.R.D. 662, 664 (M.D. Fl. 2007).

6. Maryland courts have described mentally incompetent individuals as "those who lack the mental capacity to comprehend and safeguard their legal rights." *Kratz v. MedSource Cmty. Servs., Inc.*, 139 A.3d 1087, 1092 (Md. Ct. Spec. App. 2016). It is "the inability of the person, by reason of the incompetence, to understand that [] she has [or is subject to] a cause of action and to take the necessary steps [with regard to that action] that is the concern." *Id*. (internal quotation marks and citations omitted); *see also Bean v. Dep't of Health & Mental Hygiene*, 959 A.2d 778, 789 (Md. 2008) (the standard for determining whether a person is competent to stand trial is "whether the accused is able to understand the nature of the proceedings against him and to assist in his own defense"); *Buxton v. Buxton*, 770 A.2d 152, 160 (Md. 2001) (explaining that a person is mentally incompetent if she is "unable . . . to manage [] her own business affairs or comprehend [] her legal rights and liabilities").

7. In alleging that she is an "incompetent person" for purposes of Rule 17(c), Ms. Wright points to the following pieces of evidence:

- <u>The April 29, 2021 Affidavit of Dr. Jose Ma, who has been Ms. Wright's primary care physician since 1996, (D.I. 376, ex. P), and Dr. Ma's testimony at the Motion hearing</u>. In the Affidavit, Dr. Ma recounted that during an October 2020 office visit, Ms. Wright's dementia diagnosis was reconfirmed; during that visit, Ms. Wright was disoriented regarding place and time and could not identify the season or who was the President of the United States. (*Id.* at ¶ 4) Based on Dr. Ma's review of documents from this litigation (including the operative complaint), as well as his knowledge of Ms. Wright's

4

    medical history, Dr. Ma opined in the Affidavit that Ms. Wright is: (1) unable to recall key facts related to this action; (2) unable to "comprehend, analyze, or direct the legal proceedings[;]"; and (3) "therefore "cannot be expected to meaningfully participate in the lawsuit[.]" (*Id.* at ¶ 6; *see also id*. at ¶ 5)  During the Motion hearing, Dr. Ma also testified that Ms. Wright was first diagnosed with dementia in 2016; he explained that while she may be able to answer very basic questions (like "[H]ow is your dog[?]"), or make very basic decisions about her daily function (like whether she wants to go outside), she "struggles" to answer questions regarding more complicated topics such as those relating to current events and news.  (Tr. at 8-9, 12-13, 17-18)[4]

- <u>The transcript of Ms. Wright's February 2018 deposition taken in this lawsuit</u>.  That transcript demonstrates that Ms. Wright could not answer many basic questions regarding the suit (such as what she hoped to gain from it) or the facts relating to the suit (such as what the Employee Retirement Income Security Act of 1974, or "ERISA," is).  (D.I. 375 at ¶ 8; *see also* D.I. 376, ex. G)  Indeed, during that deposition, Ms. Wright had difficulty in providing cogent answers to almost any question asked of her.  (D.I. 376, ex. G)

- <u>Ms. Dunne's testimony at the Motion hearing and her Affidavit</u>.  Ms. Dunne explained that she does not believe that Ms. Wright is capable of understanding legal documents, nor of understanding the matters in dispute in this ERISA case. (Tr. at 31, 35-36)  Ms. Dunne also submitted an Affidavit dated April 30, 2021, in which she stated that Ms. Wright "is unable to recall specific facts of the case, does not remember her employees' names, and can only state that she is generally aware of the existence of a lawsuit involving her grandmother's trust."  (D.I. 376, ex. O at ¶ 12)

---

[4]    In the March MO, the Court noted that the only piece of record evidence before it as to Ms. Wright's physical or mental condition was a physician's certificate that Dr. Ma signed in November 2020. (D.I. 368 at 2-3)  The Court explained that this certificate provided only "minimal" information regarding Ms. Wright's condition.  (*Id*.)  However, the record is much different now.  The Court now has the benefit of Dr. Ma's subsequent Affidavit, which is clearer about Ms. Wright's limitations.  And the Court has now also had the opportunity to hear Dr. Ma's testimony on this subject, which was consistent with the content of his Affidavit.

8. The Court concludes that Ms. Wright has made a sufficient showing that she is incompetent pursuant to Rule 17(c). The evidence of record demonstrates that Ms. Wright does not understand even the basic facts of the lawsuit, and therefore that she could not be expected to comprehend and safeguard her legal rights and liabilities with respect to the suit.[5] *Cf. Lee v. Retail Store Emp. Bldg. Corp.*, Case No. 15-cv-04768-LHK, 2017 WL 565710, at *3 (N.D. Cal. Feb. 13, 2017) (finding the evidence sufficient to establish that the plaintiff was incompetent for purposes of Rule 17, where she had dementia and other mental health issues, and a physician had opined that the plaintiff "does not have the capacity to manage her financial affairs[,] . . . needs assistance in managing her daily activities and her health and safety matters[,] . . . [and] cannot enter into any legally binding decisions on her own") (internal quotation marks and citation omitted); *O'Brien v. Kline*, Civil No. 12-cv-443-JD, 2013 WL 1737193, at *1 (D.N.H. Apr. 22, 2013) (concluding that one of the defendants was incompetent for purposes of Rule 17, where her treating physician's affidavit supported that she was "suffering from dementia which makes her unable to perform many important physical and mental functions" and was "unable to make and communicate decisions about her personal and financial matters").

9. Finally, the Court turns to Ms. Wright's third request—that Ms. Dunne should be substituted as a party in this action for Ms. Wright pursuant to Rule 25(b). (D.I. 375 at ¶¶ 13, 21)

---

[5] Ms. Williams questions how it is that Ms. Wright could not answer basic questions about this litigation in her February 2018 deposition, but yet still have the capacity to subsequently, *inter alia*, execute the Statutory Form in May 2020. (D.I. 380 at ¶ 15; Tr. at 58) This is an understandable question, in light of how severely compromised Ms. Wright's metal abilities appear to have been at the time of that deposition (and how compromised they appear to be as of today). Perhaps there is a good answer to the question, (*see* Tr. at 47-49), or perhaps not, (*id*. at 55, 58). But at present, the key point is that Ms. Williams is not challenging the validity of the Statutory Form. (*See id.* at 55) Thus, the Court must assume, for purposes of resolving the Motion, that the Statutory Form is valid. And otherwise, the evidence before the Court is very clear that Ms. Wright cannot now effectively safeguard her legal rights in this matter.

That Rule states that "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative." Fed. R. Civ. P. 25(b); *see also Sloan v. Overton*, No. 08-2571-JAR-DJW, 2010 WL 398108, at *6 n.56 (D. Kan. Jan. 25, 2010) ("Generally, Rule 17 governs a person's capacity to *initiate* suit and Rule 25 governs cases in which substitution becomes necessary while the case is *pending* before the court.") (emphasis in original). The decision to allow the substitution of parties during pending litigation is within the court's discretion. *Bah v. Wash. Metro. Area Transit Auth.*, Civil Action No.: CBD-14-2803, 2015 WL 6460082, at *2 (D. Md. Oct. 23, 2015).

10. Ms. Wright's Motion made reference to Rule 25(b), and the Motion was served on the parties. (D.I. 375 at 14-16; *see also* Tr. at 59 (Ms. Williams' counsel noting that there would be "value" in formally substituting Ms. Dunne as Ms. Wright's representative here, pursuant to Rule 25(b)) The Court thus construes the Motion to be one brought pursuant to Rule 25(b) (as well as Rule 17) (the "Rule 25(b) Motion"). In light of the Court's conclusion above that Ms. Wright is incompetent, the Rule 25(b) Motion is GRANTED and Ms. Dunne is permitted to be substituted in her capacity as representative for Ms. Wright in this action. The Clerk of the Court is DIRECTED to amend the case caption to reflect this substitution. *See Ringdahl v. Afsharjavan*, No. 8:18-CV-01006-PX, 2020 WL 2795358, at *3 (D. Md. May 29, 2020), *Farmland Mut. Ins. Co. v. Sechrist*, No. 1:16--01111, 2018 WL 10035728, at *2 (M.D. Pa. Aug. 31, 2018). Furthermore, the STAY of the deadline for Ms. Wright to answer Ms. Williams' interrogatories under oath is hereby LIFTED, and Ms. Dunne shall respond to those interrogatories by August 30, 2021. (*See* D.I. 368 at 3)

11. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly

proposed, redacted version (if necessary) of the document. Any such redacted version shall be submitted by no later than **August 23, 2021**. It should be accompanied by a motion for redaction that shows that the presumption of public access to judicial records has been rebutted with respect to the proposed redacted material, by including a factually-detailed explanation as to how that material is the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

Dated: August 18, 2021

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE