IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH WRIGHT, and T. KIMBERLY WILLIAMS,<br><br>            Plaintiffs/Counter-defendants,<br><br>   vs.<br><br>ELTON CORPORATION, GREGORY FIELDS, FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC, and M.C. DUPONT CLARK EMPLOYEES PENSION TRUST,<br><br>            Defendants/Counter-claimants/Third-party Plaintiffs,<br><br>   vs.<br><br>JAMES B. WYETH, Solely as Executor and Personal Representative of the Estate of Phyllis M. Wyeth, MARY MILLS ABEL SMITH, CHRISTOPHER T. DUPONT, MICHAEL DUPONT, LUCY DUNNE, representative for HELENA DUPONT WRIGHT, KATHARINE D. GAHAGAN and JAMES MILLS,<br><br>            Third-party defendants. | **C.A. NO. 17-286-JFB**<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the following motions: plaintiff Kimberly Williams's motion for summary judgment, D.I. 395; third-party plaintiffs First Republic Trust Company of Delaware LLC's, M.C. DuPont Clark Employees' Pension Trust's (hereinafter the "Trust Defendants") motion for summary judgment, D.I. 399;[1] third-party

---

[1] Helena DuPont Wright and James Mills were originally plaintiffs in this action, as well as counterclaim defendants. The Court granted a motion to dismiss Mrs. Wright's and Mr. Mills' claims without prejudice. D.I. 374. Those parties remain in the case as defendants to the third-party claim. Though the docket and

1

defendants' Katharine D. Gahagan, James Mills, Mary Mills Abel Smith, Helena Dupont Wright, James B. Wyeth, Phyllis M. Wyeth, and Christopher T. duPont's (hereinafter, "the Grandchildren") motion to strike, D.I. 402; the Trust Defendants' cross-motion for summary judgment, D.I. 412; the Grandchildren's motion for summary judgment, D.I. 414; and the Trust Defendants' and Grandchildren's' joint motion to sever, D.I. 433.[2]

## I. BACKGROUND

### A. Procedural History

This action involves a Trust, known as the Mary Chichester duPont Clark Pension Trust (the "Trust"), that was created to provide retirement benefits to household employees of the duPont family, including those working for the grandchildren of the Trust's Settlor, Mary Chichester duPont. Originally, two of the grandchildren, Helena duPont Wright and James Mills, sued Elton Corporation ("Elton Corp.") and Gregory Fields, who were then alleged to be trustees of the Trust, in the District of Maryland alleging, among other things, that Defendants improperly operated the Trust and mishandled the Trust's assets in violation of ERISA, 29 U.S.C. § 1132(a)(3), D.I. 25, amended complaint. In their second amended complaint, the plaintiffs, characterizing themselves as employers and plan administrators, added their two employees, Kimberley Williams and Joseph Wright, as plaintiffs and added First Republic Trust Co. of Delaware, the successor trustee, as a defendant. The district court in Maryland granted the defendant's motion to dismiss for improper venue and transferred the action to this Court, D.I. 46.

---

pleadings refer to the various parties as counterclaimants and counterclaim defendants, they are actually parties to the third-party claim and will be referred to as such.
[2] Also pending is a motion to expedite and stay interim deadlines, D.I. 404, which will be denied as moot.

Defendant First Republic then filed protective counterclaims against plaintiffs Helen DuPont Wright and James Mills and brought a third-party complaint against the other then-living Grandchildren/Employers: Mrs. Abel Smith, Christopher duPont, Michael duPont, Phyllis M. Wyeth, and Mrs. Gahagan, seeking a declaratory judgment that each of them is separately liable to fund the Plan as required by ERISA if the Trust is an ERISA plan, D.I. 61.

This Court bifurcated the case to determine first whether ERISA governed the Trust, then, if so, whether ERISA violations occurred.  The parties filed cross-motions for summary judgment on the first issue and the Court held that that the Plan is an ERISA plan and that the plaintiffs Williams and Joseph Wright are participants in the Plan.  D.I. 132, Memorandum and Order at 14.  The Court further stated

> It is clear that members of the duPont family established, maintained, and ratified the Trust over the years. The evidence is sufficient to demonstrate that present and former trustees actively managed the Trust for the benefit of the duPont family members' domestic employees. Thus, the Court finds that the "established or maintained" element is satisfied.

*Id.* at 13.  The Court also found an interstate nexus.  *Id.* at 12.  Further, the Court found

> An intention to provide benefits on a regular and long-term basis is evidenced by the DuPont heirs' continued involvement in or acquiescence to the Trust which is shown in meeting minutes and correspondence. Evidence that other employees are in line for benefits also supports this conclusion.

*Id.* at 14.

The Trust Defendants moved for entry of final judgment on, and/or to sever, the discrete legal claim "that the [Trust] is governed by ERISA," in order to enable an immediate appeal to the Third Circuit.  D.I. 133 at 1.  The Grandchildren joined in that motion and also requested certification of an interlocutory appeal.  D.I. 134.  The Court denied those requests.  D.I. 176.  The Trust Defendants and the Grandchildren also filed

3

cross-motions for summary judgment and or judgment as to the Trust Defendants' third-party claim. D.I. 142 and 161. The Court denied those motions as premature, pending discovery, D.I. 176.

Later, the Trust Defendants again moved to clarify or stay the Court's determination that the Trust was governed by ERISA. D.I. 212. The Court denied that motion, D.I. 280, and the Third Circuit Court of Appeals dismissed an appeal of the order for lack of jurisdiction, D.I. 428-2.

In December 2020, the Court denied the plaintiff's motion for leave to file a third amended complaint adding the Grandchildren as defendants and asserting class action allegations, holding that "the action can be properly disposed of as it is presently configured." D.I. 327, at 7. The Court noted that the relief afforded in this action will apply to all plan participants even without class certification. Id. Further, the Court stated

> As far as realigning the parties, the Court agrees that interests of plaintiffs may be at odds. The Court finds it may make sense to realign the parties. However, since this is a bench trial, it is not necessary to do so formally. The pretrial order will supersede the pleadings and issues and claims can be clarified at that time. The same result can be achieved in the context of the pretrial order and by adjusting the order of proof. The Court will structure the presentation of the case accordingly.

Id. Also, the Court found that

> [t]he gravamen of the complaint is, and has always been, equitable relief for breaches of duty in connection with the administration of an ERISA plan, no matter how characterized. Employers, plan sponsors, administrators, and fiduciaries are accountable under ERISA. Any new allegations in the proposed amended complaint relate to the same factual and legal scenario presented in the second amended complaint.

Id.

Thereafter, in April 2021, the Court granted a motion to dismiss Mrs. Wright's and Mr. Mills' claims without prejudice. D.I. 374. Those parties remain in the case as defendants as to the third-party claim.

4

**B.    Facts**

Mary Chichester duPont created the Trust at issue in 1947. The record shows she designated herself; her children, A. Felix duPont, Jr., Lydia C. duPont, and Alice duPont Mills; her daughter-in-law Allaire Crozier duPont; and her grandchildren as "Qualified Employers" in the Trust. D.I. 415-2, Ex. 1, Trust at 2. She defined a "Pensioner" as "any domestic employee or any employee rendering secretarial, accounting or other assistance in the management of his employer's private, financial or social affairs" for a Qualified Employer, and who was continuously employed for 10 years and reached age 65 or met certain other criteria. *Id.* She provided that a Pensioner would receive an annual benefit of 60% of his or her annual salary or wages in effect when the Pensioner met the eligibility requirements, plus an additional 1% for each year of service above 10 years. *Id.* at 2-3. She also provided for benefits for deceased Pensioners' surviving spouses and other dependents. *Id.*

> The Trust provided that it
>
> shall continue until twenty (20) years after the death of the last surviving grandchild of the Trustor who is living at the execution of the trust agreement or until the entire corpus of the trust and all additions thereto and all income accrued thereon shall be exhausted, whichever event shall happen first.

*Id.* at 5. The Trust states that the Trustees

> shall have power: . . . (g) to accept additions to this trust by way of gift, bequest, or otherwise from any person or persons whomsoever, to hold such additions under the terms hereof, and to merge such additions in this trust to be administered and distributed in accordance with the terms hereof.

*Id.* at 6-7.

Mary Chichester duPont funded the Trust with 50 shares of common stock of Christiana Securities Company.[3]  *Id.* at 10.  The original trustees of the trust were Mary Chichester duPont's three children – Lydia C. duPont, A. Felix duPont and Alice duPont Mills.  D.I. 415-2, Ex. 1, Trust at 1.  The Trust authorizes its Trustees to appoint their successors and to appoint successors for Trustees who die.  *Id.* at 4.  Lydia duPont died in 1958; the remaining Trustees appointed their sister-in-law also a Qualified Employer) Allaire Crozier duPont as a successor trustee.  D.I. 396-2, Ex. 2.

In about 1990, Felix duPont incorporated his family office as Elton Corp. and employed Mr. Fields as Elton's business manager, D.I. 396-7, Ex. 6, Deposition of Gregory Fields at 15-18.  Felix duPont was the sole owner of Elton Corp.  *Id. at 19.*  Elton Corp. continued to serve as the family office for Felix duPont and his children, Katharine "Kitten" duPont Gahagan, Christopher duPont, and Michael duPont.  *Id.* at 34-35.  In July 1991, Felix duPont appointed Elton Corp. as his Co-Trustee and successor Trustee of the Plan and on Felix duPont's death in 1996, Elton Corp. became the sole Trustee.  *Id.* at 18-19.  Felix's children, Katherine Gahagan, Christopher du Pont and Michael duPont became Elton Corp.'s owners, with Katherine Gahagan owning 60% and her brothers splitting the remaining 40%.  *Id.* at 22-23.  Katherine Gahagan also became president of Elton Corp. and holds that position to this day; her brothers became vice presidents.  *Id.* at 23-24.  Michael duPont died in November 2019.  D.I. 167.  Elton Corp. served as Trustee until 2015, when First Republic Trust Company of Delaware took over.  D.I. 396-9, Ex. 8 at 7.  First Republic was selected because an investment manager for the Plan

---

[3] Christiana was an investment company established in 1915 as a "receptacle for a huge block of Du Pont common stock" through which the duPont family's "dominant faction made sure that its massive holdings in Du Pont would be voted as a block."  *See In the Matter of Christiana Sec. Co. E. I. Du Pont De Nemours & Co.*, 45 S.E.C. 649, 1974 WL 161445 (Dec. 13, 1974).  In 1977, the Supreme Court cleared the way for Christiana to merge into DuPont and the Trust's Christiana stock became duPont stock.  *See E. I. du Pont de Nemours & Co. v. Collins*, 432 U.S. 46, 57 (1977).

had moved from PNC Bank to First Republic Bank, and Mrs. Gahagan wished for the Plan to follow. *Id.*; *see* D.I. 396-7, Ex. 6 at 160-62. In connection with the transition to First Republic, Elton Corp. requested that each of the still living Qualified Employers execute an agreement to indemnify First Republic. D.I. 396-8, Ex. 7 at 64-88.

The Trust expressly authorizes the Trustees to "retain any and all stocks, bonds, notes, securities and/or other property hereby or hereafter transferred to this trust" and to "accept additions to this trust by way of gift, bequest, or otherwise from any person or persons whomsoever." D.I. 415-2, Ex. A, Trust at 6-7. The Trust itself defines the duties and responsibilities of the trustees as follows: (1) to maintain and invest the assets of the Trust, (2) to apply the criteria in the Trust to determine whether potential beneficiaries that seek benefits are entitled to benefits and, if so, (3) to calculate and determine the amount of such benefits and to pay them to the approved
beneficiary. *Id.* at 1.

Additional facts are set out in the Court's earlier orders and need not be repeated here. *See* D.I. 132, 280, 176, and 327. The Proposed Pretrial Orders are due March 21, 2022, the Pretrial Conference is set for March 25, 2022, and the case is currently set for trial in April 2022.

## II.     LAW

### A.     Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). A party asserting that a fact cannot be—or,

7

alternatively, is—genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587 (internal quotation marks omitted). A factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

### B. ERISA Remedies

One of the stated purposes of the statute is to "assur[e] the equitable character of [employee benefit] plans." 29 U.S.C. § 1001(a); see Gallione v. Flaherty, 70 F.3d 724, 727 (2d Cir.1995). "[I]t is well-settled that ERISA grants the court wide discretion in fashioning equitable relief to protect the rights of pension fund beneficiaries." Katsaros v. Cody, 744 F.2d 270, 281 (2d Cir.1984).

Under ERISA § 502(a)(3), a participant, beneficiary, or fiduciary is allowed to "obtain other appropriate equitable relief" to redress violations of relevant parts of ERISA "or the terms of the plan." 29 U.S.C. § 1132(a)(3) (emphasis added). Section 1132(a)(3) "authorizes the kinds of relief 'typically available in equity' in the days of 'the divided bench,' before law and equity merged." US Airways, Inc. v. McCutchen, 569 U.S. 88, 94–95 (2013) (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993) (emphasis

8

deleted)). The fact that relief takes the form of a money payment does not remove it from the category of traditionally equitable relief. *CIGNA Corp. v. Amara*, 563 U.S. 421, 441–42 (2011). "Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.* (stating "prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge,' was 'exclusively equitable') (quoting *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 464 (1939)). The surcharge remedy extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary. *Id.* (holding that the types of remedies the district court entered in *Amara* (reformation, estoppel and surcharge) "fall within the scope of the term "appropriate equitable relief" in § 502(a)(3).") The Supreme Court's interpretation of § 502(a)(3) promotes ERISA's purposes by "allocat[ing] liability for plan-related misdeeds in reasonable proportion to respective actors' power to control and prevent the misdeeds." *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan,* 577 U.S. 136, 150 (2016) (quoting *Mertens*, 508 U.S. at 262).

Under ERISA, the term "employer is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C.A. § 1002(C)(5). The term "plan sponsor" means

> (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan, or (iv) in the case of a pooled employer plan, the pooled plan provider.

9

29 U.S.C.A. § 1002(16)(B). An administrator is

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § (16)(B). "ERISA, however, defines "fiduciary" not in terms of formal trusteeship, but in functional terms of control and authority over the plan, *see* 29 U.S.C. § 1002(21)(A), thus expanding the universe of persons subject to fiduciary duties—and to damages—under § 409(a)." *Mertens*, 508 U.S. at 262. Whether a party is an ERISA fiduciary is a mixed question of fact and law. *David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126 (10th Cir. 2005).

Courts construe ERISA plans, as they do other contracts, by 'looking to the terms of the plan' as well as to 'other manifestations of the parties' intent.'" *McCutchen*, 569 U.S. at 102 (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989)). "The words of a plan may speak clearly, but they may also leave gaps. And so a court must often 'look outside the plan's written language' to decide what an agreement means." *Id.* (quoting *CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011)).

Under Fed. R. Civ. P. 12(f), courts may strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion to strike pleadings under this provision. *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Striking a party's pleading, however, is an extreme and disfavored measure. *Id.* A motion to strike, however, is neither an authorized nor a proper way to procure the dismissal of all or part of a claim. 5C Wright & Miller, Fed. Prac. & Proc. § 1380 (2008). Such motions are

strongly disfavored under Federal Rule of Civil Procedure 12(f) and may only be granted to strike "redundant, immaterial, impertinent, or scandalous matter."

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).

## III.   DISCUSSION

### A.   Plaintiff Kimberly Williams's Motion for summary judgment against the Trust Defendants and the third-party defendant Grandchildren (D.I. 395); the Trust Defendants' cross motion for summary judgment (D.I. 399); and the Grandchildren's motion to strike (D.I. 402)

#### 1.   Parties' Positions

Williams contends she is entitled to judgment as a matter of law on her claims that the defendants underfunded the Trust, failed to provide mandated notices to participants, engaged in prohibited actions, and breached their fiduciary duties. She seeks a declaration that the Trust Defendants and the employer/Grandchildren are fiduciaries and breached their fiduciary duties. She argues that undisputed evidence shows the Trust is a defined benefit plan and contends she has shown it is significantly underfunded. The remedy she seeks is for the Court to remove First Republic Trust Company of Delaware as trustee and appoint an independent fiduciary, she also seeks an accounting and a surcharge.[4]

In opposition to Williams's motion and in their cross-motion, the Trust Defendants argue that Williams lacks Constitutional standing for all claims other than her claim for reformation of the trust, that defendants Elton Corp. and First Republic Trust cannot be

---

[4] In her Second Amended Complaint, Williams requested "equitable relief" on the fiduciary breach and prohibited transactions claims in the form of an order requiring the Trust Defendants to "repay" to the Trust "any losses incurred as a result of operating out of compliance with ERISA." D.I.35. The remedy she now seeks is compatible with and encompassed in the second amended complaint.

11

held liable for the duties and obligations of the employers (Plan Sponsors and plan administrators); that Williams' claim against defendant Elton Corp is barred by the statute of limitations; that defendant Gregory fields acted only as an agent and cannot be held individually responsible; that there is no evidence of damages; that defendants Elton Corp. and First Republic, as trustees are not required to determine, calculate or otherwise seek to collect contributions to the trust if is underfunded; that Williams's demand for removal of First Republic is incredulous in light of her opposition to its motion for removal; and that Williams's belated claim for failing to tax qualify the trust fails to state a claim.

In response to Williams's motion for summary judgment, the grandchildren move to strike the motion, alleging that the pleading is improper since Williams has not asserted any claims against them. The pleading is more properly viewed as an opposition to the motion for summary judgment. The Grandchildren argue that they are not named as defendants contend Williams's motion for summary judgment on the issue of whether they are employers under ERISA is an end run around the Court's order denying Williams leave to amend her complaint to add them as party defendants. They argue that the plaintiff now seeks judgments against them for millions of dollars based on never-before asserted claims.

In reply, Williams argues that her motion seeks relief from the third-party defendants as employers, plan administrators and fiduciaries, consistent with the complaint and this court's earlier order. She also argues there is no cause under Rule 12(f) to strike anything in plaintiff's summary judgment motion.

2. Discussion

The Court finds the motions for summary judgment and the motion to strike should be denied. The materials submitted by the parties in support of and opposition to their

motions does not establish as a matter of law that either party is entitled to judgment as a matter of law. There are issues of fact that need to be resolved before the Court can make a finding that ERISA was violated and/or can craft a remedy.

The Trust Defendants, as Trustees, are undoubtedly fiduciaries, but the nature and extent of their obligations under the trust instrument and the statute remain to be determined. There is no serious dispute that the Grandchildren are employers, and they are identified as such in the Trust instrument. They characterize themselves as both plan sponsors and/or plan administrators. Whether they are fiduciaries is a mixed question of law and fact that is determined in functional terms of authority over and control of the plan. This is an action in equity and considerations of fairness will require full development of the record and assessment of credibility and intent.

The Court finds the Trust Defendants' argument that Williams fails to have standing, lacks merit. The plaintiff has sufficiently alleged an injury. Whether she can prove up her damages is an issue for trial. Similarly, the Court rejects the Trust Defendants' statute of limitations argument. Whether the damages, if any, need to be cut off at some point can be addressed at trial. The issue of defendant Fields's individual liability can also be addressed at trial.

The Court's earlier orders are the law of the case. The Court agrees that the Grandchildren are certainly aware and cannot be surprised that their status as ERISA entities, and the responsibilities to fund the Plan that flow from that status, is and has been directly at issue in the case since its inception. Though the Court denied Williams's motion to formally add the Grandchildren as defendants to Williams's claim, it did so in the context of the fact that the Grandchildren were defendants to the third-party complaint, which seeks the same relief and is dependent on the Trust Defendants' liability. The third-

party claim is in the nature of a claim for indemnity. The Grandchildren remain in the case by reason of the third-party claim and the Court noted that the plaintiff's proposed third amended complaint made no real substantive changes to the operative complaint. Further, the Court stated that all parties were aware of the claims and defenses. The remedy of holding the qualified employers accountable for Plan funding obligations is precisely the relief that the Trust Defendants seek. It is common to revise pleadings to conform to proof at trial. This is an action in equity and the Court can fashion relief between the parties.

The Court has reviewed the evidence submitted by the parties and finds that genuine issues of fact preclude summary judgment. Accordingly, the plaintiff's motion for summary judgment, the Trust defendants' motion for summary judgment, and the Grandchildren's motion to strike will be denied.

### B. The Trust Defendants' and The Grandchildren's cross motions motion for summary judgment on the third-party complaint (D.I. 412 and 414)

#### 1. Parties' Positions

The Trust Defendants seek a declaratory judgment that the Qualified Employers are "employers" within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") and that each of the Qualified Employers has an obligation to contribute to the Trust to fund benefits for the participants. They argue that the Court has already determined in the Court's earlier order that: 1) the Trust is a single plan under ERISA; 2) the Trust is a defined benefit plan; and 3) the Qualified Employers, including the third-party defendants herein, are employers under ERISA.

In response, the grandchildren argue to the contrary—they argue that the Court's earlier ruling did not determine, either explicitly or implicitly, that the grandchildren are employers under ERISA. They contend the Court made no findings and did not address

the ERISA requirement that the Grandchildren, as the purported ERISA "employers" under the Trust, must have "established or maintained" the plan and must have engaged in commerce in employing their domestic employees within the meaning of ERISA. Also, they contend the Court did not determine whether the Trust is a defined benefit plan or a defined contribution plan. Accordingly, they argue that the Trust Defendants have not shown they are entitled to summary judgment.

Conversely, in their cross-motion, the Grandchildren argue they are entitled to summary judgment for three independent, alternative reasons: First, that ERISA does not authorize the Trust or Trustee to bring any claims at all against the Grandchildren because it is not attempting to sue for fiduciary breach under 29 U.S.C. § 1132(a)(2) and because it does not seek "appropriate equitable relief" under § 1132(a)(3), but rather seeks a remedy at law. Second, the Grandchildren argue that they have no obligation to make funding contributions because they are exempt from the statute's funding requirements under 29 U.S.C. § 1081(a)(5), which provides that "(5) a plan which has not at any time after September 2, 1974, provided for employer contributions" is exempt from funding requirements. They also argue that requiring the Grandchildren to fund the Trust would negate the express terms of the trust instrument and the Settlor's intent because the Trust does not require additional contributions. Third, they argue ERISA's funding obligations do not apply because the Grandchildren did not establish or maintain the trust and are not employers engaged in commerce, in any industry affecting commerce, or in any activity affecting commerce. *See* 29 U.S.C. § 1003(a)(1).

In reply, the Trust Defendants argue that the trust is a defined benefit plan and that the exemption in § 1081(a)(5) applies only to individual accounts plans, not defined benefit plans. They also argue the Grandchildren are employers under ERISA. They

15

further contend that the Trust defendants' remaining arguments have already been impliedly rejected by the Court in the first phase of the action.

### 2. Discussion

This Court earlier denied the Trust Defendants' first motion for summary judgment on the same issue, finding genuine issues of material fact. D.I. 176 at 9-11. In that order, the Court concluded that —notwithstanding the finding that the trust was an ERISA plan— material issues of fact remained in dispute, including "who are the employers[.]" the type of ERISA plan at issue, funding history, "and so forth." *Id.* at 11.

The Trust Defendants now take the same position they took in the earlier motion. They generally rely only on the trust instrument and the court's earlier order to support their position.

The Court first rejects the Grandchildren's argument that the Trust defendants cannot maintain an action against them. A fiduciary is allowed to "obtain other appropriate equitable relief" to redress ERISA violations under § 1132(a)(3). Section 1132(a)(3) authorizes the kinds of relief typically available in equity and the Plaintiff and third-party plaintiff seek traditional equitable remedies such as surcharge and reformation.

Because equitable relief is involved, the Court requires full development of the record to ascertain and understand the relationships, duties, obligations, and responsibilities of both the trustees and employers. The Court finds there are genuine issues of fact on whether the qualified employers under the trust and the trustees had fiduciary duties and breached them. Neither the Trustees nor the Grandchildren have shown they are entitled to summary judgment on the third-party claim.

### C. The Trust Defendants' and Grandchildren's joint motion to sever the third-party claim (D.I. 433).

In the joint motion to sever, the Trust Defendants and Grandchildren jointly move to sever the third-party claim from the trial of plaintiff's claim for breach of fiduciary duty. They state:

> The Third-Party Plaintiffs and Third-Party Defendants are in agreement that there are no factual issues in dispute that are material to this Third Party Complaint. To that end, both parties have filed cross-motions for summary judgment, which present the necessary legal issues for the Court to decide based on the undisputed facts. D.I. 399, 414.

D.I. 433 at 2. Further, they contend that "[a]ll that remains on the claim in the Third-Party Complaint is presentation of oral argument on legal issues by counsel . . ." *Id.* As noted above, the Court finds that neither party is entitled to summary judgment based on the materials submitted to the Court. The statement that no facts are in dispute is questionable in view of the parties' vigorous defense of their respective positions in summary judgment briefing. Though the third-party claim may ultimately be resolved as a matter of law, the determination of an appropriate remedy must be based on resolution of underlying facts and on application of law to those facts. The Court's interpretation of the statute also requires examination of the terms of the plan in the context of manifestations of the parties' intent. Evidence that relates to the plaintiff's claim against the Trust defendants is relevant to the third-party claim. The third-party claim is derivative of that claim. The awkward procedural posture of the case mandates careful consideration of the parties' positions.[5] Weighing of evidence and assessments of

---

[5] The two original plaintiffs in the case, Helena duPont Wright and James Mills, were employers under the Trust suing trustees for breach of fiduciary duty and prohibited transactions. Their interests in remedying the breach were aligned with the interests of employee beneficiaries. The procedural conundrum created by this situation has been obviated to some degree by the joinder of other Grandchildren/employers as third-party defendants' complaint and the realignment of the original plaintiffs as third party defendants. As it stands, all of the interested parties are before the Court.

credibility are involved. As the foregoing discussion demonstrates, the issues are interdependent and intertwined. Because this is a bench trial, the concerns of these parties can be addressed properly at trial when the Court can sort out conflicting evidence and competing theories. The Court finds the interest of judicial economy dictates that the actions should be tried together.

**IT IS ORDERED:**

1. Plaintiff Kimberly Williams's motion for summary judgment (D.I. 395) is denied.

2. Counterclaimants/Third Party Complainants First Republic Trust Company of Delaware LLC, M.C. DuPont Clark Employees' Pension Trust's (hereinafter "Trust Defendants") motion for summary judgment (D.I. 399) is denied.

3. Counterclaim-defendants'/third party-defendants' Katharine D. Gahagan, James Mills, Mary Mills Abel Smith, Helena Dupont Wright, James B. Wyeth, Phyllis M. Wyeth, Christopher T. duPont's (hereinafter, "the Grandchildren's") motion to strike portions of plaintiff Williams' motion for summary judgment (D.I. 402) is denied.

4. Counterclaim-defendants'/third party-defendants' Katharine D. Gahagan, James Mills, Mary Mills Abel Smith, Helena Dupont Wright, James B. Wyeth, Phyllis M. Wyeth, and Christopher T. duPont's motion to expedite and stay interim deadlines (D.I. 404) is denied as moot.

5. Third Party Plaintiff First Republic Trust Company of Delaware LLC and M.C. DuPont Clark Employees' Pension Trust's cross-motion for summary judgment (D.I. 412) is denied.

6.     Third party-defendants Katharine D. Gahagan's, James Mills's, Mary Mills Abel Smith's, Helena Dupont Wright's, James B. Wyeth's, Phyllis M. Wyeth's, and Christopher T. duPont's Motion for Summary Judgment (D.I. 414) is denied.

7.     Counterclaimants/Third Party Complainants First Republic Trust Company of Delaware LLC, M.C. DuPont Clark Employees' Pension Trust's and Trust Defendants' and Third party-defendants' Katharine D. Gahagan, James Mills, Mary Mills Abel Smith, Helena Dupont Wright, James B. Wyeth, Phyllis M. Wyeth, and Christopher T. duPont's joint motion to sever (D.I. 433) is denied.

Dated this 29th day of March 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge