IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH WRIGHT, and T. KIMBERLY WILLIAMS, <br><br> Plaintiffs/Counter-defendants, <br><br> vs. <br><br> ELTON CORPORATION, GREGORY FIELDS, FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC, and M.C. DUPONT CLARK EMPLOYEES PENSION TRUST, <br><br> Defendants/Counter-claimants/Third-party Plaintiffs, <br><br> vs. <br><br> JAMES B. WYETH, Solely as Executor and Personal Representative of the Estate of Phyllis M. Wyeth, MARY MILLS ABEL SMITH, CHRISTOPHER T. DUPONT, MICHAEL DUPONT, LUCY DUNNE, representative for HELENA DUPONT WRIGHT, KATHARINE D. GAHAGAN and JAMES MILLS, <br><br> Third-party defendants. | **C.A. NO. 17-286-JFB** <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the parties' motions in limine. D.I. 436, Appendices B-H.

I.  BACKGROUND

This action involves a Trust, known as the Mary Chichester DuPont Clark Pension Trust (the "Trust"), that was created to provide retirement benefits to household employees of the DuPont family, including those working for the grandchildren of the Trust's Settlor, Mary Chichester DuPont.

1

II.     LAW

This is a trial to the Court.  Trial courts should be more reluctant to exclude evidence in a bench trial than a jury trial.  See *First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 328 (8th Cir. 1990); *Builders Steel Co. v. Commissioner*, 179 F.2d 377, 379 (8th Cir. 1950) ("[A] trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted").  Thus, in bench trials evidence should be admitted and then sifted when the district court makes its findings of fact and conclusions of law.  *Fields Eng'g & Equip., Inc. v. Cargill, Inc.,* 651 F.2d 589, 594 (8th Cir. 1981).  In a nonjury case, the trial court is presumed to consider only the competent evidence and to disregard all evidence that is incompetent.  *First Am. State Bank*, 897 F.2d at 328*; see also* *Builders Steel Co.*, 179 F.2d at 379 (noting that the trial court, capable of ruling accurately upon the admissibility of evidence, is equally capable of sifting it accurately after it has been received).  Where the court has assumed the role of fact-finder in a bench trial, "the better course" is to "hear the testimony, and continue to sustain objections when appropriate." *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 258 (8th Cir. 1985).

To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.  *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).  Also, some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997).  Indeed, "motions in limine often present issues for which final decision is best reserved

for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).

Moreover, "pretrial Rule 403 exclusions should rarely be granted. . . . [a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original). "Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000); *see also Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (noting that evidentiary rulings, especially those that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context).

District court judges are to perform a screening function with respect to expert testimony. *Daubert,* 509 U.S. at 597. *Daubert* requires courts to conduct an inquiry into the reliability and relevance of the proposed expert testimony. *See United States v. Ford*, 481 F.3d 215, 218 (3d Cir. 2007). To be admissible, expert testimony must be connected to the inquiry at hand. *See Daubert*, 509 U.S. at 591-92. The Rule requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

An otherwise qualified and proper expert technical opinion is not excludable "just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "[R]esolving doubtful questions of law is the distinct and exclusive province of the trial judge." *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988); *see also Berckeley Inv. Group, Ltd. v. Colkitt*,

455 F.3d 195, 217 (3d Cir. 2006). Nevertheless, under appropriate circumstances and to the extent otherwise relevant and helpful to the trier of fact, an expert witness may properly draw upon his expertise and testify as to "customs and practices" within the relevant field to assist the fact-finding process. See United States v. Leo, 941 F.2d 181, 196-97 (3d Cir. 1991).

The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony. In re Zurn Pex Plumbing Prod. Liab. Litig., 644 F.3d 604, 613 (8th Cir. 2011). That interest is not implicated where the judge is the decision maker. Id. The district court's "gatekeeping function" under Daubert ensures that expert evidence "*submitted to the jury*" is sufficiently relevant and reliable, but "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself[.]" Id. (quoting United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005)) (emphasis added). Accordingly, less stringent application of *Daubert* is appropriate in bench trials. Id.

III.  MOTIONS IN LIMINE

A.  Plaintiff Kimberley Williams's Motion in Limine to Exclude Testimony of Daniel Cassidy as to the "Commentary" in Sections III and IV of His Report. (D.I. 436-2) (Appendix B)

Plaintiff moves in limine to exclude the portions of the report and testimony of Daniel P. Cassidy, the third-party defendants' designated rebuttal expert. They argue the testimony is not proper rebuttal, is irrelevant, and is outside the scope of proper expert testimony.

The Court is unable to assess the relevance of the information in the context of a pretrial motion. Whether the evidence is proper rebuttal and/or is relevant will depend on the evidence at trial. Because this is a bench trial, the plaintiff's concerns are less

4

compelling. Evidence will not be admitted without a showing of foundation and relevance. Relevance includes a showing of some connection to the issues to be determined by the Court. The Court is inclined to admit the evidence and determine its relevance later. To the extent the evidence is speculative, lacks a causal connection, or is unfairly prejudicial, it will be disregarded by the Court. Accordingly, the motion in limine will be denied without prejudice to reassertion through a timely objection at trial.

> B.  Plaintiff's motion in limine for order authorizing testimony from remote location (D.I. 436-3, Pretrial Order, App'x. C)

The plaintiff requests that the Court authorize certain third-party defendants who are located outside Delaware to testify from a remote location under Federal Rule of Civil Procedure 43. The other parties oppose the motion. They argue that allowing remote testimony circumvents Federal Rule of Civil Procedure 45. Further, they argue that the plaintiff has asserted no claims against the third-party defendants.

The argument that the plaintiff has no claims against the third-party defendants has been addressed and rejected by the Court in other orders. D.I. 327 and 442. Since this is a bench trial, the Court will allow remote testimony as long as there is technical ability to do so. The testimony the plaintiff seeks to elicit is that of parties to this action.

> C.  Third party defendants' Motion to exclude the expert reports of and testimony of Noor Rajah under Federal Rule of Evidence Civil Procedure 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) (D.I. 436-4, Pretrial Order, Appx. D)

The third-party defendants move to exclude the opinions of the plaintiff's expert Noor Rajah on the estimated benefit liabilities of the Trust. They argue the opinions do not meet the standards set forth in Rule 702 and *Daubert*. They contend Dr. Rajah used unreliable data to support his opinions, made unreasonable assumptions for missing data,

and used unsound actuarial methodologies in forming his opinion. They do not challenge his qualifications.

The Court finds that the third-party defendants' arguments go to the weight and not the admissibility of the experts' testimony. Also, the parties' criticisms may properly be the subject of objections at trial. The Court is not able to assess the admissibility of certain testimony in the context of a pretrial motion. Moreover, subject to a showing of proper foundation, any flaws in the experts' testimony can be addressed in effective cross-examination and by the presentation of competing evidence. The parties' positions on these motions reflect disagreement with the experts' opinions, but do not show a reason to exclude the testimony altogether. In a trial to the court *Daubert* concerns are lessened and the Court's gate-keeping function is relaxed.

Only testimony and opinions properly disclosed in expert reports will be permitted. Generally, rebuttal evidence is proper in response to competing testimony and when expert reports are properly supplemented. The Court will not permit experts to opine on purely questions of law, but testimony that is background or that relates to customs and practices may be helpful to the trier of fact and will be permitted to some extent. It appears that many of the issues in the case are questions of law for resolution by the Court. Accordingly, the Court finds the third-party defendant's motion in limine should be denied, without prejudice to assertion of timely objections at trial.

    D.    Third party defendants' motion in limine objecting to Christopher T. Dupont, Mary Mills Abel-Smith, and Katharine D. Gahagan appearing as witnesses at trial (D.I. 436-5, Pretrial Order, Appx. E)

Plaintiff Kimberly Williams's trial witness list includes third-party defendants Third-Party Defendants Christopher T. DuPont, Mary Mills Abel-Smith, and Katharine D. Gahagan as in-person attendees. The third-party defendants object to them being called

as witnesses at trial. They again argue that the witnesses are beyond the subpoena power of the Court and that the plaintiff has no claims against the third-party defendants. The issue is moot because, as indicated above, the Court will allow remote testimony. As indicated in its earlier orders, the Court will realign the parties to conform to evidence at trial.

     E.    James Mills' motion in limine to preclude plaintiff from calling him to appear as a witness at trial (D.I. 436-6, Pretrial Order, App'x F)

Mills contends he is beyond the subpoena power of the Court. As noted above, that argument is moot because the Court will allow remote testimony. Mills initiated this action as a plaintiff, then abandoned that claim and remains as a third-party defendant. As noted in earlier orders, the odd procedural posture of this case can be addressed at trial. The record indicates that Mr. Mills is an important fact witness in the case. Accordingly, third-party defendant James Mills's motion in limine will be denied.

     F.    Motion in limine objecting to Lucy Dunne, Philip O'Donoghue and Matthew D'Emilio appearing as witnesses at trial (D.I. 436-7, Pretrial Order, App'x G)

Lucy Dunne is attorney in fact and substituted party for third party defendant Helena DuPont Wright. She argues that she may be asked to testify regarding privileged matters including estate planning or administration of her mother's estate. The plaintiff counters that estate planning and administration are not at issue in this case.

She also objects to any legal opinion testimony by O'Donoghue and D'Emilio, contending that their testimony is only admissible as expert testimony under Fed. R. Evid. 702 and they were not identified as experts. The plaintiff responds that O'Donoghue and D'Emilio are fact witnesses.

These concerns appear to be more in the nature of objections to be made at trial. Third-party defendant Dune, as substituted party for Helena DuPont Wright, has not

7

shown that their testimony should be excluded altogether. Accordingly, the Court finds that the motion in limine should be denied.

> G. Third-party defendants' motion in limine to exclude evidence related to claims not pleaded (D.I. 436-8, Pretrial Order, App'x H)

Third party defendants again argue that the plaintiff has no direct claims against them and that claims of underfunding were not asserted in the operative complaint. The Court has earlier rejected these arguments. The Court denied the plaintiff's earlier motion to amend her complaint to add parties and claims primarily because of the timing of the motion and because amendment was not necessary, stating such denial would "not deprive the plaintiff of an opportunity to make [her] case." D.I. 327, Memorandum and Order at 7. The Court also noted that "it may make sense to realign the parties," pointing out that "[t]he gravamen of the complaint is, and always has been, equitable relief for breaches of duty in connection with the administration of an ERISA plan, no matter how characterized." *Id.* at 8. Thereafter, the original plaintiffs, Helena DuPont Wright and James Mills moved to dismiss their claims against the Trust Defendants, effectively realigning themselves. D.I. 373, 374. The Court has the power to amend pleadings to conform to the proof at trial and the pretrial order supersedes the pleadings. D.I. 327, Memorandum and Order at 7 (stating ""[t]he pretrial order will supersede the pleadings and issues and claims can be clarified at that time."), D.I. 442, Memorandum and Order at 17 n.5. The parties are, or should be, aware that "[e]mployers, plan sponsors, administrators and fiduciaries are accountable under ERISA." *Id.*

More recently, the Court stated that, "[t]his is an action in equity and considerations of fairness will require full development of the record and assessment of credibility and intent." D.I. 442, Memorandum and Order at 13. The Court's ruling on the cross-motions for summary judgment disposes of the third-party defendants' arguments in this regard.

Evidence that is relevant to the questions at the heart of this case, i.e., how the Plan has been administered, by whom, and whether any party has breached its fiduciary duties under ERISA, will be allowed. Accordingly, the Court finds that the motion in limine should be denied.

IT IS ORDERED: the parties' motions in limine are denied without prejudice to reassertion as set forth in this order.

Dated this 12th day of April, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge