IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH WRIGHT, and T. KIMBERLY WILLIAMS, <br><br> Plaintiffs/Counter-defendants, <br><br> vs. <br><br> ELTON CORPORATION, GREGORY FIELDS, FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC, and M.C. DUPONT CLARK EMPLOYEES PENSION TRUST, <br><br> Defendants/Counter-claimants/Third-party Plaintiffs, <br><br> vs. <br><br> JAMES B. WYETH, Solely as Executor and Personal Representative of the Estate of Phyllis M. Wyeth, MARY MILLS ABEL SMITH, CHRISTOPHER T. DUPONT, MICHAEL DUPONT, LUCY DUNNE, representative for HELENA DUPONT WRIGHT, KATHARINE D. GAHAGAN and JAMES MILLS, <br><br> Third-party defendants. | C.A. NO. 17-286-JFB <br><br><br> MEMORANDUM AND ORDER |

This matter is before the Court on a motion to reconsider/clarify filed by third-party defendants James B. Wyeth, Mary Mills Abel Smith, Christopher T. Dupont, Lucy Dunne, as representative for Helena Dupont Wright, Katharine D. Gahagan and James Mills ("the Grandchildren"), D.I. 447. They ask the Court to reconsider its earlier order on motions for summary judgment and to sever, D.I. 442, and to clarify that the Grandchildren "face only the Third Party Claim, which is not linked to or dependent on

1

any fiduciary issues, and grant the Grandchildren summary judgment on the Third Party Claim because the funding exemption of 29 U.S.C. § 1081(a)(5) applies because the Trust has not at any time after September 2, 1974, provided for employer contributions." D.I. 448, Grandchildren's Brief at 10.  In response, defendants Elton Corp and Gregory Fields and defendants/third-party plaintiffs First Republic Trust Company of Delaware (collectively, the "responding parties") state they agree that the third party claim asserted by First Republic seeks only a declaratory judgment that they are employers under ERISA and that being employers they have an obligation to comply with the minimum funding requirements of the trust under ERISA.  D.I. 451, Response Brief at 1.  They also agree that the third-party claim can be determined as a matter of law.  *Id.* at 2.  The parties diverge on their positions on the legal issue of whether the funding requirement exemption found in § 1081 applies to the trust.  *See* D.I. 448, Grandchildren's Brief at 10-11; D.I. 451, Response Brief at 2.  The responding parties also restate positions on standing and contend that plaintiff Williams (the employee plaintiff) intentionally and strategically decided not to include claims against the employers in her second amended complaint and urges the court to consider the impact of the motion to reconsider on the "Plaintiff's actual claims in this case including that Plaintiff elected not to bring or pursue any claims against the Qualified Employers under the Trust (the Third Party Defendants)."  Filing No. 451 Response Brief at 6 (footnote omitted).  They add that "[t]here can be no doubt that Plaintiff should have brought such claims, but strategically and intentionally chose not to do so."  *Id.*

      The Court declines to reconsider its earlier order.  The Court's earlier orders are the law of the case and will not be disturbed at this late date.  *See* D.I. 132, 327, 442,

and 452.  The Court stands by its earlier statement that "[t]he gravamen of the complaint is, and always has been, equitable relief for breaches of duty in connection with the administration of an ERISA plan, no matter how characterized."  D.I. 327, Memorandum and Order at 8.  This is a bench trial on an action in equity.  The issues involve whether and to what extent the trust, having been found to be an ERISA plan, is underfunded.  Whether characterized as funding claims or fiduciary claims, the same considerations are at issue.  The Court can sort out the posture of the case, determine the rights and obligations of the parties, and craft a remedy after considering the evidence at trial.  Accordingly,

IT IS ORDERED that the third party defendants' motion to reconsider (D.I. 447) is denied.

Dated this 14th day of April, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge