IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH WRIGHT, and T. KIMBERLY WILLIAMS, <br><br>    Plaintiff/Counter-defendant, <br><br>vs. <br><br>ELTON CORPORATION, GREGORY FIELDS, FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC, and M.C. DUPONT CLARK EMPLOYEES PENSION TRUST, <br><br>    Defendants/Counter-claimants/Third-party Plaintiffs, <br><br>vs. <br><br>JAMES B. WYETH, Solely as Executor and Personal Representative of the Estate of Phyllis M. Wyeth, MARY MILLS ABEL SMITH, CHRISTOPHER T. DUPONT, LUCY DUNNE, representative for HELENA DUPONT WRIGHT, KATHARINE D. GAHAGAN and JAMES MILLS, <br><br>    Third-party defendants. | **C.A. NO. 17-286-JFB** <br><br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on motions to reconsider filed by James B. Wyeth, solely as executor and personal representative of the Estate of Phyllis M. Wyeth ("the Wyeth Estate") and by Elton Corporation ("Elton Corp.") and First Republic Trust Company of Delaware LLC ("First Republic") (collectively, the Trustees"). D.I. 484 and 486. James Mills, Katharine D. Gahagan, Mary Mills Abel Smith, and Christopher T. duPont join in the Wyeth Estate's motion (those parties, together with the Wyeth Estate and Lucy Dunne, representative for Helena Dupont Wright, will sometimes be referred to, collectively, as the "qualified employers"). D.I. 487 and 488. The plaintiff opposes the motions. D.I. 496 and 497. Elton Corp. and First Republic oppose the Wyeth Estate's

1

motion.  D.I. 500.  The Wyeth Estate, Mary Mills Abel-Smith, Katharine Gahagan, and Lucy Dunne oppose Elton Corp.'s and First Republic's motion.  D.I. 498, 501, and 502.

I.   BACKGROUND

The qualified employers argue that they should not be deemed fiduciaries under ERISA of the Mary Chichester duPont Clark Pension Trust, either by operation of law, as a plan sponsor or plan administrator, or as a functional fiduciary.  They also argue that the Court erred in applying the statutory definition of "plan sponsor" to find that they are, in fact, plan sponsors and plan administrators.  They base their motion on the contention that the Court utilized an incorrect definition under the statute.

Elton Corp. and First Republic argue that the Court committed clear error when determining that Elton and First Republic were plan administrators based on the factual finding that they performed certain functions typically reserved for plan administrators. They also challenge the Court's finding that they can be liable for underfunding, contending the finding is clear error because the legal obligation under ERISA to make minimum required contributions to the trust belongs to the employers, not the trustee of the trust.  Finally, they contend it was clear error to impose upon the trustees' fiduciary responsibilities owed under ERISA by the plan administrators and/or plan sponsors, including sending ERISA mandated notices to beneficiaries.

The plaintiff opposes the qualified employers' and trustees' motions arguing that reconsideration is not warranted.  She argues that the Court's holding, that both the qualified employers and trustees are plan administrators, is not clearly erroneous because the evidence at trial shows the that the qualified employers' intent and conduct was to act as a group in tandem with the trustees in administering the Plan.  She contends

that where, as here, there is no designated plan administrator, an entity that performs plan administrator functions can be liable for penalties as a plan administrator. Further, the plaintiff argues that until the Court reaches a decision on whether, and on whom, to impose penalties for failing to properly inform beneficiaries, the Court's conclusion that both the trustees and the qualified employers are plan administrators is not material. She also contends there is no clear error in the Court's finding that Elton Corp. and First Republic are jointly and severally liable, along with the qualified employers, for any underfunding of the Trust because that holding is a straightforward application of two of ERISA's civil enforcement provisions: 29 U.S.C. § 502(a)(2), which via § 409 makes a plan fiduciary personally liable for any losses to the Plan that result from a breach of fiduciary duty, and § 502(a)(3), which authorizes appropriate equitable relief against a breaching fiduciary, including surcharge. 29 U.S.C. § 1132(a)(2), (3), 1109.

II.   LAW

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Id.* Advancing the same arguments raised earlier is not a proper basis for reconsideration. *Id.*; see *Jaiyeola v. Chemours Co.*, No. CV 22-1030-CFC, 2022 WL 17486136, at *1 (D. Del. Dec. 7, 2022) ("A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made."). An error by the court that is not material to the court's analysis does not

3

constitute a clear error of law or manifest injustice that supports a party's motion for reconsideration of those claims.  See *Satterfield v. Consol Pennsylvania Coal Co.*, No. CIV.A. 03-1312, 2006 WL 931682, at *2 (W.D. Pa. Apr. 11, 2006).

III.    DISCUSSION

The parties' motions for reconsideration generally rely on a strict and hyper-technical application of ERISA concepts and standards to the pension trust at issue as if the instrument at issue were originally set up as an ERISA plan.  Rather, in this action, the Court has endeavored to observe and follow the spirit and structure of ERISA in fashioning an equitable remedy, in light of ERISA and the common law duties and powers of trustees and of employers.  For the most part, the issues raised in the reconsideration motions were exhaustively briefed by the parties previously and have been addressed and rejected by the Court in earlier orders.  D.I. 482, D.I. 457, D.I. 452, D.I. 442, D.I. 327, D.I. 280, D.I. 200, D.I. 176, and D.I. 132.  Accordingly, the Court declines to reconsider its holding.

The Court stands by its earlier ruling with respect to the status and function of the qualified employers as fiduciaries, plan sponsors, and plan administrators.  The liable parties' confusion seems to stem from the fact that ERISA plan functionaries can wear more than one hat.  The qualified employers can be both plan sponsors and plan administrators and they have fiduciary responsibilities as well.  The trustees are fiduciaries under ERISA and the common law of trusts.  Trustees can perform administrative functions as well.

The Court found the trust instrument created a single defined benefit plan with multiple employers, not a multi-employer plan as contemplated under ERISA.  D.I. 482 at

4

34–35.¹ As such, the plan sponsor is the plan administrator if no plan administrator is designated by the terms of the instrument under which the plan is operated. 29 U.S.C. § 1002(16)(A)(ii). Also, the record supports the conclusion that the plan was maintained by the qualified employees as a group for the benefit of their employees, though some may have had more input than others. The Court stands by its holding, on these facts, that both the qualified employers and the trustees are plan administrators. D.I. 482 at 35–36, Findings of Fact and Conclusion of Law.

Both the qualified employers and the plaintiff agree that the qualified employers did not stipulate that they were plan sponsors. D.I. 485 at 5 & n.2, Wyeth Estate Brief; D.I. 497 at 2, n.1, Plaintiff's Response Brief. Any error or overstatement with respect to that fact is of no consequence because there is no dispute that the qualified employers are employers and employers are plan sponsors under ERISA.² D.I. 482 at 30, 35, Findings of Fact and Conclusions of Law. Both plan sponsors and plan administrators can have fiduciary responsibilities. The evidence shows the qualified employers exercised discretionary control over the management of the plan in that they acted as gatekeepers in informing employees about their eligibility for benefits and/or about the existence of the plan and were thus involved in benefit determinations in a practical sense, along with the trustees.

---

¹ Although the plan herein may not neatly fit the multi-employer, single employer, or aggregate of single employer categories, where there is a kind of hybrid plan, a court, in crafting a remedy, can create an equitable apportionment of liability under all the circumstances. *See, e.g., Saramar Aluminum Co. v. Pension Plan for Emps. of Aluminum Indus. & Allied Indus. of Youngstown Ohio Metro. Area*, 782 F.2d 577, 583 (6th Cir. 1986); *see also Pension Ben. Guar. Corp. v. Artra Grp., Inc.*, 972 F.2d 771, 773 (7th Cir. 1992) (adopting PBGC's definition of an aggregate of single-employer plans). The parties' arguments in this regard are premature and await the determinations of the special master.

² Although the Pretrial Order is somewhat vague on this point, James Mills and Helena duPont Wright, the original plaintiffs in this action stated that they were employers, Plan administrators and ERISA fiduciaries in their Second Amended Complaint. D.I. 35, Second Amended Complaint at ¶ ¶ 55, 71–72.

The Court also declines to reconsider its ruling with respect to the trustees. The Court agrees with the plaintiff that contrary to the trustees' contention, the question before the Court is not who was statutorily required to make contributions in the first instance, but whether the trustees may be held liable for the underfunding as the result of their breaches of fiduciary duties and imprudent management of the plan. The trustees offer no argument for why the equitable relief available under Sections 502(a)(2) and (a)(3) should not include correcting the Plan's underfunding. The trustees are named fiduciaries, whether or not they are functional fiduciaries. Also, with respect to the Trustees' argument that they are not liable for failure to send ERISA-mandated notices to beneficiaries, "ERISA's fiduciary duty section incorporates the common law of trusts . . . and the duty to disclose material information 'is the core of a fiduciary's responsibility.'" *Bixler v. Cent. Pennsylvania Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993).

IT IS ORDERED that the parties' motions to reconsider (D.I. 484, D.I. 486, and D.I. 487) are denied.

DATED this 3rd day of March, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge