IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH WRIGHT, and T. KIMBERLY WILLIAMS,<br>　　　　　Plaintiff/Counter-defendant,<br>　vs.<br><br>ELTON CORPORATION, GREGORY FIELDS, FIRST REPUBLIC TRUST COMPANY OF DELAWARE LLC, and M.C. DUPONT CLARK EMPLOYEES PENSION TRUST,<br>　　　　　Defendants/Counter-claimants/Third-party Plaintiffs,<br>　vs.<br><br>JAMES B. WYETH, Solely as Executor and Personal Representative of the Estate of Phyllis M. Wyeth, MARY MILLS ABEL SMITH, CHRISTOPHER T. DUPONT, LUCY DUNNE, representative for HELENA DUPONT WRIGHT, KATHARINE D. GAHAGAN and JAMES MILLS,<br>　　　　　Third-party defendants. | **C.A. NO. 17-286-JFB**<br><br>**MEMORANDUM & ORDER** |

　　　This matter is before the Court on a motion for permissive appeal filed by the Estate of Phyllis M. Wyeth's ("Wyeth Estate") (D.I. 503), joined by Mary Mills Abel-Smith, Katharine D. Gahagan (D.I. 505) and Lucy Dunne, substituted party and attorney in fact for Helena Dupont Wright. (D.I. 506) (collectively, "the moving parties"). This is an action for relief under ERISA, 29 U.S.C. § 1132 et seq. The case was tried to the Court and the Court thereafter issued Findings of Fact and Conclusions of Law ("Posttrial Order"), ruling

1

in favor of the plaintiff and ordering equitable relief to be determined after proceedings before a Special Master.[1]  D.I. 482 at 41, Posttrial Order.

I.   BACKGROUND

The moving parties ask the Court to certify a legal issue in the Posttrial Order (D.I. 492) for an immediate interlocutory appeal under 28 U.S.C. § 1292(b). They seek a determination regarding the construction and application of the safe-harbor provision in 29 U.S.C. § 1081(a)(5)—which excepts certain pre-ERISA trusts from ERISA's funding rules—to the trust at issue.  They argue the Court erred in determining that the safe harbor provision did not operate to exempt the Trust from ERISA's funding rules.[2]

They contend that whether the safe harbor exemption is applicable to the trust is a controlling "pure question of law that the reviewing court could decide quickly and cleanly without reviewing the record." D.I. 504 at 3, Estate's Brief (quoting *In re ASHINC*

---

[1] The Court's order appointing a special master, D.I. 506 has been appealed.  D.I. 532, D.I. 531, D.I. 529. Because the appeals do not involve the same issue involved herein, the Court retains jurisdiction over the present motion.  *See Brown v. May*, No. CV 21-200-CFC, 2022 WL 606285, at *3 (D. Del. Feb. 23, 2022); *see, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *Mille Lacs Band of Ojibwe v. Cnty of Mile Lacs, Minn.*, 2021 WL 1400069, at *2 (D. Minn. Apr. 14, 2021) ("[A]n appeal from an interlocutory order under the collateral order doctrine generally does not wholly deprive the district court of jurisdiction to proceed in the case—so long as subsequent motions do not threaten to disturb the 'status of the case on appeal,' such as by presenting the same issues involved in the appeal."); *United States v. Mala*, 7 F.3d 1058, 1060–61 (1st Cir. 1993) ("[A]n appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.").

[2] The Court made a finding early in the case that ERISA governs the Mary Chichester du Pont Trust.  D.I. 132.  The Court also denied a motion for entry of final judgment under Fed. R. Civ. P. 54(b) and for certification of an interlocutory appeal.  D.I. 176; *Wright v. Elton Corp.*, No. CV 17-286-JFB, 2019 WL 7293694, at *2–*3 (D. Del. Dec. 27, 2019).  The Court stated "if [the ERISA Order] goes to the Third Circuit and the court agrees with this Court's determination . . ., the Third Circuit would likely have to hear and decide this case more than once, since multiple remaining issues will need to be determined."  *Id.* at 4.  The Court later denied a motion for clarification and to stay.  D.I. 280; *Wright v. Elton Corp.*, No. CV 17-286-JFB, 2020 WL 7051549, at *1 (D. Del. Oct. 27, 2020).  That order was appealed. D.I. 300.  The Third Circuit Court of Appeals dismissed the appeal, finding that it lacked jurisdiction under 28 U.S.C. § 1292 (a)(1), which provides jurisdiction over appeals from interlocutory orders granting or modifying injunctions.  D.I. 428, Mandate; D.I. 428-2, Opinion; *Wright v. Elton Corp.*, No. 20-3343, 2021 WL 5822306, at *1–*2 (3d Cir. Dec. 7, 2021).

*Corp.*, No. 1211564CSSJOINTLYADM, 2017 WL 2774736, at *4 (D. Del. June 27, 2017)).

Further, they argue that there are substantial grounds for a difference of opinion on the issue and argue that an appeal will materially advance the termination of the litigation "since it may eliminate lengthy, complex, expensive, fact-intensive post-trial proceedings as to funding obligations and, perhaps even more important, prevent both wrongly raising the expectations of affected individuals that they have a lifetime benefit and creating an unworkable situation concerning their refund obligations upon a later successful appeal of a final judgment." *Id.* at 1–2.  They envision that, without an immediate appeal of the issue, "the parties will need to present to [the Special Master], through expert testimony and evidentiary showings, what they believe is" an adequate funding figure and proration amongst Qualified Employers.  *Id.* at 5.  They also state the work associated with the Special Master will be "expensive, lengthy, and contentious, with objections (from one side or the other) to this Court of the Special Master's rulings."  *Id.*; *see also id.* at 11 ("Inevitably, there will be objections to be determined thereafter by this Court to the Special Master's findings.").  They argue that "a permissive appeal will avoid the complicated process of trying to undo after a reversal from a final judgment the Special Master's and this Court's efforts to bring the Trust in line with ERISA." *Id.* at 11.

Though the moving parties limit their motion to the question of interpretation of § 1081(a)(5), they note they disagree with many other legal conclusions in the Post-Trial Order and "preserve[ ] all appellate rights and avenues for challenging the Court's Post-Trial Order and other decision." *Id.* at 3 n.1.  They also state they "reserve[ ] the right to seek a stay of proceedings including the Special Master's work, in the event the Court permits appeal."  *Id.* at 6 n.2.

3

The plaintiff opposes the motion, arguing that this piecemeal approach is inefficient and unwarranted. D.I. 521 at 9, Plaintiff's Brief. She contends an immediate appeal is yet another attempt to delay the proceedings. *Id.* Though the plaintiff agrees that that the legal question of whether § 1081(a)(5) applies to the Trust is a controlling question of law, she argues that the moving parties have not met their burden to show that there are substantial grounds for a difference of opinion as to this controlling question of law, and that an immediate appeal on the 29 U.S.C. § 1081(a)(5) issue will advance the ultimate termination of the litigation. *Id.* at 4–6. She argues that the adequate funding is important, but it is not the only issue. *Id.* at 6. She contends that resolution of the funding issue will not affect this Court's findings that the liable parties breached their fiduciary duties in other ways, such as failing to follow ERISA's vesting requirements, failing to notify participants and beneficiaries of their rights under the plan, failing to tax qualify the trust, failing to keep complete records, and otherwise failing to bring the trust into compliance with ERISA. *Id.*

II.   LAW

For difficult questions of law "in exceptional cases," parties may seek interlocutory review by a court of appeals. *Graber v. Doe II*, 59 F.4th 603, 610 (3d Cir. 2023) (quoting *Milbert v. Bison Lab'ys, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958)). "A district court may grant a certificate of appealability under § 1292(b) when its order: '(1) involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for a difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance[s] the ultimate termination of the litigation.'" *Id.* (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (*en banc*). Certification is available for purposes of avoiding wasteful,

4

protracted proceedings.  *Id.*  Even if the district judge certifies the order under § 1292(b), the appellant still "has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (superseded by rule on other grounds) (quoting *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

"'[C]ontrolling' means serious to the conduct of the litigation, either practically or legally."  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (stating "on the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of § 1292(b)] to be a highly relevant factor.").  There is a "substantial ground for difference of opinion" about an issue when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements*, 746 F.2d 76, 76 (1st Cir. 1984).  Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion.  *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994).  Additionally, the absence of controlling law on a particular issue can constitute substantial grounds. *Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F.Supp.2d 540, 545 (D. Del. 2004).

Section 1292(b) authorizes appellate courts to review any question contained in the district court's order[,]" appellate courts are not limited to addressing only the "controlling question of law" the district court certified for further review.  *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1540 (2021) (stating that "'[a]lthough appellate courts 'may not reach beyond the certified order to address other orders made in the case,' they 'may address any issue fairly included within the certified order because

5

it is the order that is appealable, and not the controlling question identified by the district court.'" (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204 (1996))).

III.  DISCUSSION

This case has an interesting procedural posture.  It has been pending since 2016 and has involved extensive discovery, motion practice, realignment of parties, and attempts to appeal and has now been fully tried.  The case has been hotly contested and involves complicated issues.  The "remaining issues" that the Court relied on in denying certification of an interlocutory appeal earlier in the case have all been decided.  All of the substantive issues have been resolved and all that is left for the Court to do is implement the remedy.  Implementation of that remedy, however, will be a difficult and time-consuming task.

The Court finds, in view of the procedural posture of the case, that the moving parties have established circumstances or reasons that distinguish this case from the procedural norm and establishes the need for immediate review.  Although the moving parties may overstate the strength of the differences of opinion as to how § 1081(a)(5) should be construed, they have presented at least a tenable statutory construction argument.  Also, they note that that legal trends in the Third Circuit and Supreme Court to afford less wight to legislative history and give less deference to agency decisions could undermine the Court's interpretation of § 1081(a)(5).

The parties agree that the present issue involves a controlling question of law.  The Court finds that the moving parties have shown that there is a substantial difference of opinion or absence of controlling authority on the controlling issue and have demonstrated that an immediate appeal will materially advance this litigation.  An immediate appeal may

materially advance the litigation by giving guidance to the Special Master in implementing the remedies.

Accordingly, the Court finds the motion for certification of appealability should be granted. Further, the Court finds a stay of proceedings before the Special Master is appropriate pending the resolution of the appeal.

IT IS ORDERED that:

1. The Estate of Phyllis M. Wyeth's (D.I. 503), Mary Mills Abel-Smith's, Katharine D. Gahagan's (D.I. 505) and Lucy Dunne's (D.I. 506) motions for leave to file a permissive appeal of this Court's Posttrial Order (D.I. 482) are granted.

2. The Court certifies the following question on appeal to the Court of Appeals for the Third Circuit:

    Does the safe-harbor in 29 U.S.C. § 1081(a)(5), which excepts from ERISA's funding rules any pre-ERISA trust that "has not at any time after [ERISA's enactment] *provided for* employer contributions," encompass a trust that has not, post-ERISA, *required* employer contributions?

3. The proceedings in this case are stayed pending interlocutory appeal.

Dated this 17th day of March 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge